JAMAICA WATER SUPPLY COMPANY, Respondent, v. CITY OF NEW YORK, Appellant.— In an action by plaintiff to recover the costs and expenses incurred in protecting, removing and relocating its mains, pipes and other facilities maintained in certain public streets in the borough of Queens, such removal and relocation having been required to permit the construction and laying of mains and other facilities for the city's water supply system, defendant appeals

from an order denying its motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs. Plaintiff was required by the provisions of section 83-5.0 of the Administrative Code of the City of New York, on receipt of notice as alleged in the complaint, to remove or otherwise protect and replace its mains and all fixtures and appliances connected therewith, which were about to be disturbed by the construction and laying of the water mains and pipes comprising a part of defendant's waterworks system. If it be assumed, as plaintiff contends, that this section of the Administrative Code does not apply to private water companies, plaintiff's rights in the public streets are, nevertheless, governed by the well-established rule of common law that a utility company must relocate its facilities in the public streets, at its own expense, whenever the public health, safety or convenience requires the change to be made. (*City of New York* v. *New York Tel. Co.,* 278 N. Y. 9; *New York City Tunnel Authority* v. *Consolidated Edison Co.,* 295 N. Y. 467; *New Orleans Gas Co.* v. *Drainage Comm.,* 197 U. S. 453; *National Water-Works Co.* v. *City of Kansas,* 28 F. 921.) In our opinion, decisions to the effect that the common-law rule does not go so far as to place the cost of removal and relocation upon the company when the change is required in behalf of a municipality exercising a proprietary, instead of a governmental, function, have no application to the facts disclosed here. While it may be that in the sale of its water for private or commercial purposes the city acts in a proprietary capacity, it is our opinion that in the construction and extension of its waterworks system, at least, the city performs a function necessary for the preservation of public health and safety, and consequently acts in a governmental, rather than a proprietary capacity. (See *Matter of Village of Massena* v. *St. Lawrence Water Co.,* 126 Misc. 524, 530; *Maribu* v. *Nohowec,* 161 Misc. 944, 949; *Brush* v. *Commissioner,* 300 U. S. 352, 370–371.) Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.