Bertram Harnett, J.
The Town of Hempstead (Town), acting in the interests of numerous residents of its unincorporated area known as Baldwin, has instituted this action to enjoin the construction of a water tower by the neighboring Incorporated Village of Rockville Centre (Village). The essential facts surrounding the construction of the tower, which is presently nearing completion, are not in dispute.
Since 1927, the Village has been the owner of the property where the tower is being constructed, and has used that property for various municipal purposes. The land is located at the easterly boundary of the Village, and is bordered on three sides by residential areas. The homes directly to the north and east are outside the Village boundaries. Those to the .south are within the Village. To the west is a high school and other Village property. In 1937, following the adoption of the Nassau County Grovernment Law (Charter), the Village created a Planning Board, and filed with the county a certificate designating the subject premises as a well field and site of a future water-tank and sub-station to be part of the municipal water supply system.
The tower in dispute is located 190 feet from the easterly boundary of the Village. The distance to the nearest house is greater than 190 feet. The plans specify that the tower will be 180 feet tall when completed and will hold 1,500,000 gallons of water. Upon its completion, the tower will be linked to the existing Village ‘1 gravity flow water system ’ ’. It will be the *125 fourth such tower constructed and operated by the Village, each of which is located wholly within the Village limits.
The Town asserts that the construction of the tower is improper because no approval of zoning changes has been received from the Nassau County Planning Commission, and that the existence of the tower adjacent to a residential neighborhood constitutes a nuisance.
The Village property where the tower is being constructed is in the Residence A district of the Village. However, the tower here is part of a municipal water supply, and municipal uses are specifically exempt from the restrictive provisions of the Village zoning ordinance. (See Building Zone Ordinance of the Village of Rockville Centre, art. XI, § 6.) The supply of potable water is a proper municipal function. (Jamaica Water Supply Co. v. City of New York, 280 App. Div. 834, affd. 304 N. Y. 917, mot. for rearg. den. 305 N. Y. 560, cert den. 346 U. S. 821.) Accordingly, no change in zoning of the subject property was necessary in order to proceed with construction of the tower.
Assuming arguendo that the Village had effected a de facto zoning change by dedicating the property in 1937 to water supply uses, that chang-e was not then subject to the provisions of sections 239-1 and 239-m of the General Muncipal Law, which were first enacted in 1960. The applicable provision in 1937 would have been section 1608 of the County Charter, which has since been superseded by section 239-1 of the General Municipal Law. (See Matter of We’re Associates Co. v. Bear, 35 A D 2d 846, affd. 28 N Y 2d 981.) Pursuant to that provision, certain local zoning changes do not take effect unless the change has been approved by the County Planning Commission. However, the change is deemed approved unless vetoed within 30 days after filing with the county. Notice of the dedication of the property was filed with the county in 1937, and no veto has been exercised in the ensuing 34 years. Accordingly, even if there had been a de facto zoning change, the Village would be free to proceed.
The Town further argues that the existence of the tower constitutes a nuisance and will diminish local property values. The Village denies those conclusions, and asserts that the Town has no standing to raise them in any event.
The Town may maintain an action to enjoin a violation of its own ordinances. (Town Law, § 135.) However, as the subject property is located wholly within the Village, no town ordinance is involved or enforceable. (Nehrbas v. Village of Lloyd Harbor, 2 N Y 2d 190; Village of Larchmont v. Town of *126 Mamaroneck, 239 N. Y. 551. See, also, Incorporated Vil. of Lloyd Harbor v. Town of Huntington, 4 N Y 2d 182; Matter of Barnathan v. Kramer, 44 Misc 2d 203.)
The established rule is thatto maintain an action in equity in its name to abate a nuisance, a [town] must .show some special injury to property absolutely owned by it, or to which it stands in some trust relation for the benefit of its own citizens or the public generally. It is not enough that private property of its citizens may be injured or affected thereby. It is not the owner of, nor has it any trust interest in, nor any duty relating to, such property which malees it the guardian or protector of it ”. (City of Yonkers v. Federal Sugar Refining Co., 136 App. Div. 701, 706 [emphasis supplied], affd. 207 N. Y. 724. See, also, New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77.)
The Town alleges no damage which has been sustained by or threatened to its own property, and accordingly has no standing to sue on the theory of nuisance. Normally, such action may be brought, if at all, by residents of the area allegedly affected. In this connection, however, the court notes that there was no real proof of danger to the community which could reasonably be expected to result from the maintenance of the water tower in a predominantly residential area. (Cf. Davis v. Niagara Falls Tower Co., 171 N. Y. 336.)
In the absence of proven danger, and in view of the public benefit to be derived from the existence of a potable water supply, the construction or maintenance of a municipal water tower does not constitute an actionable nuisance. Neither did the proof sufficiently demonstrate that residents of the area would suffer any significant monetary damage or diminution of property values by reason of the tower’s location. Further, even were sufficient proof of damage to property value demonstrated to the court, the language of the Supreme Court of the United States in Dmiforth v. United States (308 U. S. 271) would be pertinent. ‘ ‘ A reduction or increase in the value of property may occur by reason of * * * the beginning or completion of a [municipal] project. Such changes in value are incidents of ownership. They cannot be considered as a ‘ taking ’ in the constitutional sense.” (308 U. S. at p. 285. See, also, City of Buffalo v. Clement Co., 28 N Y 2d 241, 255.)
Accordingly, judgment will be entered dismissing the complaint, with costs and disbursements to defendant.