OPINION OF THE COURT

Per Curiam.

The order appealed from should be affirmed. Having elected to litigate this novel question of zoning law in the context of a criminal proceeding, the People must of course meet all burdens placed upon the People in a criminal proceeding, including the burden of proving all elements of the offense beyond a reasonable doubt. This they have failed to do.
Defendants are a private child care organization and one of *49 its employees. They are charged with operating a nonsecure detention center for persons in need of supervision in violation of a local zoning ordinance in an area restricted to one-family occupancy. While defendants have made several arguments as to why their convictions were properly set aside by the Appellate Term, we find one so persuasive that we need not, and accordingly do not, reach their other contentions. Subdivision B of section 218-a of the County Law provides as follows: "Notwithstanding any other provision of law, each board of supervisors shall provide or assure the availability of conveniently accessible and adequate non-secure detention facilities, certified by the state division for youth, as resources for the family court in the county pursuant to article seven of the family court act, to be operated in compliance with the regulations of the division for youth for the temporary care and maintenance of alleged juvenile delinquents and persons in need of supervision held for or at the direction of a family court”. We interpret this subdivision as both authorizing and requiring a county to provide adequate facilities of the type described despite any conflicting law or local ordinance. In the instant case, there exists uncontroverted and indeed unchallenged evidence that defendant’s operation was established at the behest of the county, that its location has been approved by the county, and that it is funded by and through the county. The county having determined, as it is authorized to do by the statute, to fulfill its obligation through the vehicle of privately operated homes, that decision may not be overruled by application of a local zoning ordinance.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order affirmed.