■ In the Matter of RICHARD D. HONGISTO, Petitioner, v THOMAS E. MERCURE, as District Attorney of Washington County, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered January 13, 1979 in Washington County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for an order prohibiting respondents from prosecuting the criminal action of People of the State of New York v Richard Hongisto in the Town Court of the Town of Fort Ann, Washington County. Petitioner, the then Acting Commissioner of the New York State Department of Correctional Services, instituted at the Great Meadow Correctional Facility in the Town of Fort Ann, Washington County, a "Family Reunion Program" whereby selected inmates may meet privately with their families in a specifically designated area on the prison grounds. A mobile home park was constructed within the prison walls and five mobile homes were placed therein to implement the program. Thereafter, an information, prepared by respondent Mercure, District Attorney of Washington County, was filed in the Town of Fort Ann, and charged petitioner with constructing and maintaining a mobile home park without first obtaining a permit as required by the town's zoning ordinance. On October 20, 1978 petitioner commenced this proceeding in which an order was sought prohibiting respondents from prosecuting the criminal action. Special Term concluded that prohibition was not available as a remedy, and that even if it were, the court would deny relief on the merits. There must be a reversal. The preliminary question is whether prohibition lies as a remedy. As explained in *La Rocca v Lane* (37 NY2d 575, 578-579), "prohibition is available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction". Where, as here, ordinary proceedings would be inadequate to prevent the harm complained of, prohibition may be employed where it would furnish a more complete and efficacious remedy even though other methods of redress are technically available *(Matter of Dondi v Jones,* 40 NY2d 8, 14). We agree with petitioner that an alternative remedy such as a motion to dismiss or an appeal from an adverse determination would not be adequate under the circumstances herein to rectify the grievous harm and undo the indignity presented by the underlying criminal

proceeding. It would be improper to require petitioner to test the jurisdictional issue in a court which patently has no jurisdiction over the alleged offense *(Matter of Dondi v Jones, supra,* p 14; see *Matter of Murtagh v Leibowitz,* 303 NY 311, 319). Additionally, we agree with petitioner that a possibility exists that the State would be subjected to a multitude of such baseless prosecutions wherever the family reunion program is implemented. As the Court of Appeals aptly observed in *Dondi (supra,* p 14), in determining whether prohibition lies, "a court may consider the desirability of the prompt settlement of an important jurisdictional question so that a multiplicity of void proceedings in other cases will be prevented". Thus, petitioner's contention that respondents are attempting an unwarranted assumption of jurisdiction and are acting in excess of their authorized powers is "substantial" (see *La Rocca v Lane, supra,* pp 580-581). In view of the inherent contradiction of the underlying criminal action (see *People v Schuler,* 93 Misc 2d 684), the issue involves "more than an error of law correctible on appeal in some later phase of the proceeding" *(Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15, 21), but, rather, "an unlawful use or abuse of the entire action or proceeding" *(Matter of State of New York v King,* 36 NY2d 59, 64). Therefore, prohibition is available to test whether petitioner is entitled to restrain respondents from prosecuting the underlying criminal action. Turning to the merits, we conclude that the respondents are wholly without jurisdiction and are acting in excess of their authorized powers in prosecuting a criminal action against petitioner based upon an alleged offense arising solely from his official activities. It is well settled that the State and its agencies, when acting in a governmental capacity involving matters of State concern, are immune from local zoning ordinances (see 2 Anderson, American Law of Zoning [1976], § 12:06; see, also, *Wambat Realty Corp. v State of New York,* 41 NY2d 490; *Floyd v New York State Urban Dev. Corp.,* 33 NY2d 1). The care and custody of prison inmates is a governmental function (NY Const, art XVII, § 5; *Matter of County of Cayuga v McHugh,* 4 NY2d 609, 615), and pursuant to subdivision 2 of section 70 of the Correction Law, the Department of Correctional Services may institute any type of program to assist sentenced persons to live as law abiding citizens. Establishment of the family reunion program is an exercise not only of that responsibility, but also of the broad discretion vested in correction officials in matters concerning prison needs (see *Wilkinson v Skinner,* 34 NY2d 53, 62; *Cooper v Lombard,* 64 AD2d 130, 134; *Matter of Duval v Smith,* 50 AD2d 1066, 1067). The program is consequently official State action implemented by petitioner in his official capacity and, therefore, it is exempt from the requirements of the Town of Fort Ann's zoning ordinance. Furthermore, a claim against a State official acting in his official capacity is a claim against the State itself, and cannot be maintained without the State's consent *(Psaty v Duryea,* 306 NY 413; *New York State Thruway Auth. v Hurd,* 29 AD2d 157). The State has not consented to subject itself to a criminal proceeding in a Town Court for official acts performed by State officers. To the contrary, the type of governmental action performed by petitioner herein is sovereign in nature, and is activity which cannot be carried on by a private individual. Thus, civil liability would not attach under section 8 of the Court of Claims Act (see, e.g., *Bellows v State of New York,* 37 AD2d 342, 344; *Granger v State of New York,* 14 AD2d 645, 646), and a fortiori, criminal liability would certainly not arise. Moreover, the criminal action herein presents the legally untenable position in which the State is prosecuting the State for violation of a town ordinance. As was cogently recognized by the Appellate Term in

*People v Schuler* (93 Misc 2d 684, 685, *supra),* "the contradiction inherent in the State being both prosecutor and prosecuted as well as the doctrine of sovereign immunity preclude maintenance of this unprecedented proceeding." The underlying criminal action represents an attempt by respondents to exercise a gross abuse of power and an unwarranted assumption of jurisdiction. Petitioner has established a clear legal right to relief and, therefore, the order appealed from must be reversed and the petition granted. Judgment reversed, on the law, petition granted, with costs, and respondents prohibited from prosecuting petitioner in the criminal action of People of the State of New York v Richard Hongisto now pending in the Town Court of the Town of Fort Ann, Washington County, New York. Greenblott, J. P., Sweeney and Main, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). Petitioner does not attack the jurisdiction of the Town Court of the Town of Fort Ann to hear and determine alleged zoning ordinance violations committed within its geographic limits, nor does he question the validity of the process used in charging him with such a violation. Distilled to essentials, his claim is that the court is about to proceed in excess of its authorized subject matter powers because the ordinance does not apply to actions undertaken by a State official in a governmental capacity. The majority accepts this reasoning and summarily terminates the pending criminal action. While we are inclined to agree that petitioner's argument will ultimately prevail, we do not believe that relief by way of prohibition is warranted. Prohibition is an extraordinary remedy and, as the authorities relied upon by the majority note, it will issue only as a matter of discretion *(Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 579). Assuming that the nature of the issue raised by petitioner is one properly reviewable in a prohibition proceeding, an examination of the facts underlying those authorities convinces us that his petition should be dismissed in the sound exercise of discretion. In *Dondi (supra,* pp 14-15), the petitioner had repeatedly moved to dismiss the accusatory instrument; over 30 other cases would be affected by the outcome of his challenge to the authority of the Special Prosecutor, and the prosecutor waived any claim that prohibition was unavailable. In *La Rocca (supra,* pp 581-582), the petitioner was not a party to any pending litigation and review of the asserted error by other means was not a realistic proposition. Here, petitioner, through his attorney, has entered a not guilty plea to a single and relatively minor criminal charge. He has taken no further defensive action in the trial court and, so far as the present record discloses, no similar prosecutions have been launched against him elsewhere. The majority says that ordinary proceedings would be inadequate to prevent the harm complained of, but it does not identify the harm or specify the inadequacy. If petitioner's claim of personal immunity owing to the inapplicability of the ordinance is as strong as it appears, are we to assume that the Town Court would fail to recognize its merit on a simple motion to dismiss and speculate that such an error would also escape correction by appellate tribunals in the event of a conviction? Even though multiple prosecutions have not arisen, are we to surmise that their potential is great and that petitioner is unaware of actions for declaratory judgment? The answers, we submit, are obvious. Petitioner is requesting us to abort a trivial criminal matter based on a narrow "jurisdictional" point of limited importance. Furthermore, requiring him to press the issue in a routine fashion will cause no articulable "harm". The motives of the prosecutor in choosing a criminal forum to test the legality of petitioner's conduct may be

suspect, but that has no direct bearing on the availability of prohibition (see *Matter of Nigrone v Murtagh*, 36 NY2d 421) and, in any event, the indignity of defending an ill-founded accusation is certainly no greater for petitioner than it would be for others. His position as a State official, although it may inject a degree of notoriety into the case, should not be allowed to overshadow the basic fact that the prosecution involves a purely local zoning ordinance containing minimal sanctions for its violation. There has been no demonstration that an inferior court will *actually proceed* in excess of its authorized powers, and there is no reason to believe that the ordinary channels of procedure would not suffice to provide full redress if it did threaten to so act. Under these circumstances the merits of petitioner's argument should not be considered; his petition should be dismissed in the exercise of discretion because he has no genuine need for such extraordinary relief.