*772 OPINION OF THE COURT
Murray Pudalov, J.
The defendant was charged with "operating a Day Care Center Business on premises zoned 'B’ one family residence use; not an expressly permitted use”, in violation of Building Zone Ordinance of the Town of Hempstead, article 7, § 63.
The factual part of the information, sworn to by Michael Stufano, a zoning inspector for the Town of Hempstead, alleges: "At the time and place aforesaid, your deponent observed the operation of a Day Care Center on subject premises. Owner, operator, Wilma Bacon (Defendant) admitted to deponent that she was operating a type of Day Care Center. A search of building department records reveals no permits were issued for such use.”
The trial of this action was held on May 15, 1986. Decision was reserved. The parties submitted posttrial memoranda of law.
FINDINGS OF FACT
The defendant is the owner of premises located at 703 Winsor Road, Uniondale, New York, a residential area of the Town of Hempstead zoned "B”. The People’s witness, Michael Stufano, a town zoning inspector, testified as follows: On December 7, 1984, in the late morning, he entered the subject premises and observed five or six children. The defendant told him that she watches and baby-sits the children who are dropped off by their parents. Mr. Stufano believed she watched the children for social services. The ages of the children he observed at defendant’s home were about three, four and five years of age. The plaintiff served defendant with a summons and told her that her activities were not a permitted use.
The testimony was not controverted. The defendant testified that she watches children in her home and that she is a certified family day care provider. The court admitted into evidence a permit entitled "Permit to Provide Day Care for Children in a Family Home”, issued to defendant by the State Department of Social Services.
The defendant testified that she has provided day care in her home for the children of working parents for three or four years. The children range in age from 10 months to four years. She watches the children, who are dropped off by their *773 parents, between the hours of 7:00 a.m. and 6:00 p.m. Monday through Friday. She is paid by the parents.
Defendant called Priscilla Laurel, a day care licensing specialist for the Department of Social Services, as a witness. According to the witness, a day care provider who is issued a permit by the State Department of Social Services must comply with the regulations of the New York State Department of Social Services. A copy of a pamphlet entitled "Family Day Care Homes Regulations and Guidelines” (18 NYCRR part 417 et seq.) was admitted into evidence as defendant’s exhibit B.
Miss Laurel testified that a family day care home generally provides care for five or six children depending upon their ages. The witness personally inspected the defendant’s home and found her to be in compliance with the regulations. The licensing report and checklist of requirements prepared by Miss Laurel was admitted into evidence as defendant’s exhibit D.
The witness further testified that it was the Department of Social Services’ position that local zoning ordinances are preempted by the Social Services Law and that family day care is an appropriate use of a residential home.
At the close of the defendant’s case, the defendant moved to dismiss the information on grounds that (1) the defendant’s use of the premises is a permitted use as a "nursery”; (2) that her use is a proper accessory use of the premises for teaching purposes and (3) that the zoning ordinance is preempted by New York State law.
The People maintained that defendant accepts money for providing a "babysitting” service at the subject premises. The People also maintained that the term "nursery” as used in the ordinance does not mean a nursery for the care of children. The People rebut defendant’s contention that the ordinance is preempted by State law, claiming that the town may enact standards of safety over the State.
CONCLUSIONS OF LAW
Since the town opted to enforce its regulatory zoning ordinance by prosecution rather than by way of mandatory injunction (see, People v Scott, 26 NY2d 286; Town Law § 268), the People must meet all the burdens placed upon them in a criminal proceeding, including the burden of proving all elements of the offense beyond a reasonable doubt. (People v St. *774 Agatha Home for Children, 47 NY2d 46, cert denied 444 US 869.)
The ordinance which defendant is charged with violating provides:
"A building may be erected, altered or used and a lot or premises may be used for any of the following purposes, and or no other:
"A. Single family detached dwelling.
"B. Public school, parochial school, private school for instruction of elementary grades or academic grades or both, charted by the Board of Regents of the State of New York; college; university.
"C. Religious use.
"D. Agriculture or nursery, provided that there is no display for commercial purposes or advertisement on the premises.
"E. Municipal recreational use.
"F. Railway passenger station.
"Accessory uses on the same lot with and customarily incidental to any of the above permitted uses, including a private garage, are permitted. This shall be understood to include the professional office or studio of a doctor, dentist, masseur, teacher, artist, architect, real estate broker, engineer, musician, or lawyer, or rooms used for home occupations such as dressmaking, millinery or similar handicraft, provided that the office, studio or occupational room is located in the dwelling in which the practitioner resides, and provided further that no goods are publicly displayed on the premises” (Building Zone Ordinance, art 7, § 63).
Since the court finds, for the reasons discussed below, that the use of the premises as a family day care home is a permitted use under the ordinance, the court did not consider defendant’s other contentions, including the issue of preemption by State law.
Although the People charge defendant with operating a "Day Care Center Business”, the only evidence presented at trial was that on the date and time aforesaid defendant was "babysitting” five or six young children in her home. In defense of this action defendant has shown that she provides "family day care” in her home pursuant to Social Services Law § 390 and the regulations promulgated thereunder.
The permit issued to defendant by the State Department of Social Services expressly authorizes defendant to provide day *775 care only at the address specified in the permit for a maximum number of five children under the supervision of the State Department of Social Services.
The permit recites that it is issued under the provisions of Social Services Law § 390. Section 390 provides in pertinent part:
"2. A person may provide day care in a family home for a child or children received from an authorized agency so long as he complies with the regulations of the department and the term of a certificate which shall be issued to such person by such authorized agency in accordance with this chapter and the regulations of the department * * *
”6. Such certificate shall be valid for not more than one year but may be renewed or extended in accordance with regulations of the department. However, no more than six children may be permitted to be cared for by any such certificate, calculated in accordance with regulations promulgated by the department in conformity with federal law or regulation.” (Emphasis added.)
Section 417.1 (18 NYCRR) of the regulations promulgated by the State Department of Social Services defines day care of children in a family home as follows:
"(a) As used in section 390 of the Social Services Law, day care of children shall mean care provided for three or more children away from their own homes for less than 24 hours per day in a family home which is operated for such purpose, for compensation or otherwise, for more than five hours per week.
"(b) As used in the Part, day care in a family home shall mean day care of not more than six children provided in an individual’s own home. ” (Emphasis added.)
Although the ordinance limits the use of property in area zoned "B” to those purposes listed in paragraphs A-F above, it also permits accessory uses. These uses are described in the ordinance as those "customarily incidental to any of the above permitted uses”. It also permits "rooms used for home occupations”. The ordinance does not define "home occupation” nor is the list of home occupations set forth in the ordinance all-inclusive.
The defendant urges that her use of the property is a "home occupation”. The People, in their posttrial memorandum, argue that "there is no credible analogy between child day care and * * * permitted home occupations listed, which *776 simply allow for the small scale production of handicrafts.” The court agrees with the defendant.
While "babysitting” children, in and of itself, may fall within traditional notions of a use, customarily incidental to a single-family dwelling, the court believes that public policy and the laws of this State require finding that a family day care home is a permissible use of a residentially zoned property.
The public policy of this State regarding day care services is succinctly declared in Social Services Law § 410-d which provides: "There is a serious shortage throughout the state of facilities suitable for use for the care of children especially those of preschool age and primary school age whose parents are unable to provide such care for all or a substantial part of the day or post-school day. A similar shortage of residential child care facilities also exists. Existing day care and residential child care facilities are overcrowded with long waiting lists. Many such facilities are so located that they are not accessible to families in need of such services. The absence of adequate day care and residential child care facilities is contrary to the interest of the people of the state, is detrimental to the health and welfare of the child and his parents and prevents the gainful employment of persons, who are otherwise qualified, because of the need to provide such care in their home. ”
The legislative findings and declarations of purpose of recently enacted Social Services Law § 390-a states: "The legislature finds that there is a growing need to expand the availability and accessibility of safe, affordable and quality day care services for children” (L 1985, ch 804, § 1).
An expressly authorized function of the programs created by this statute is "educating individuals who enact and/or enforce local zoning ordinances of the role and need for family day care and that all family day care programs should be considered a use permitted by right for a residence.” (Social Services Law § 390-a [2] [a] [vi].)
The People maintained that the use of a single-family dwelling for day care is not an expressly permitted use of the premises under the ordinance. Absent legislative grant, town and other local municipalities have no power to enact or enforce zoning or land use regulations (Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d 385). The authority to zone and regulate the use of land is for the purpose *777 of promoting the health and welfare of the community. (Town Law §261.) In light of the foregoing public policy, an ordinance prohibiting use of residentially zoned single-family dwellings for day care bears no reasonable or substantial relation to the public health, welfare and safety of the people of the Town of Hempstead.
It is a fact of modern day life that parents, many of them single parents, have joined the work force in increasing numbers. The availability of accessible, affordable quality day care services promotes the welfare of the children, their parents, perhaps some of whom might otherwise be dependent on public assistance, and thus the community at large. State and local regulated home day care programs in residential communities may provide a means to alleviate the acute shortage of quality day care facilities.
If the ordinance were construed so as to prohibit family day care it would conflict with and hinder State law and policy favoring home day care for children. A zoning ordinance proscribing such care might totally thwart such State interest and has been held void as exceeding the authority vested in a local municipality. (See, Matter of Unitarian Universalist Church of Cent. Nassau v Shorten, 63 Misc 2d 978, 980, citing Abbott House v Village of Tarrytown, 34 AD2d 821, 822; see also, Merrick Community Nursery School v Young, 11 Misc 2d 576 [Sup Ct, Nassau County 1958], zoning ordinance barring establishment of nursery schools in all residential districts in Town of Hempstead containing no provisions for exemptions held unreasonable and illegal as ultra vires.)
In addition, the ordinance, which permits a variety of unrelated accessory uses of a single-family dwelling ranging from a lawyer’s office to a milliner’s studio does not clearly prohibit the services which defendant provides in her home. Minimum due process requires that a prohibition must " 'be spelled out in words * * * explicitly, so that the citizen may receive unequivocal warning before conduct otherwise innocent may be made the cause of fine or imprisonment’ ” (People v Scott, 26 NY2d, at p 292). Based upon the foregoing, this court could find the ordinance unconstitutional and void.
However, in construing a statute a court will use every presumption to uphold its validity and constitutionality. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [c].)
Therefore, because the ordinance does not expressly prohibit family day care as an accessory use of a residentially zoned *778 "B” premises, the court finds family day care a permissible accessory use. Such use does not alter or conflict with the residential character of the district. In an analogous context courts have held that "group homes” for neglected children, authorized by the State Department of Social Services, are a "family” within the meaning of local zoning ordinances restricting the use of property to single-family dwellings. (City of White Plains v Ferraioli, 34 NY2d 300; Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead, 45 NY2d 266.)
The court, however, does not intend its holding to limit or restrict, in any manner, the town’s authority to enforce its local health, safety and fire codes and regulations, with respect to premises used for family day care.
Accordingly, the court finds, as a matter of law, that the defendant’s use of the subject premises is a permissible use. The People have not sustained their burden of proof. The information is dismissed.