OPINION OF THE COURT
Harold L. Wood, J.
The court is faced with an order to show cause brought on *1072 by the plaintiff, Westhab, Inc. (Westhab), which seeks a preliminary injunction pursuant to CPLR 6301 enjoining the defendant, Village of Elmsford (Village), its agents, servants and employees and all persons acting on its behalf.
The preliminary injunction sought would enjoin the prosecution of certain appearance tickets issued against Westhab for alleged violations of the Village’s building regulations pending the determination of Westhab’s underlying declaratory judgment action.
Plaintiff Westhab is a not-for-profit corporation which rehabilitates, constructs and operates facilities for the homeless. The County of Westchester has entered into a lease for the premises located at 290 Tarrytown Road, Elmsford, New York. The premises, formerly known as the Elmsford Motor Lodge, and now known as the Westhab Family Center, was, quite simply, a motel used to house homeless persons.
Through a contract between the County of Westchester and plaintiff Westhab, Westhab is to rehabilitate and operate the premises as a Tier II family shelter. The intent, quite simply, is to convert the motel into an entity more conducive to family living, and to provide much needed on-site services including better security; an assessment center to provide mental health, public health and social services evaluations; child care; recreational activities; and other related services. The program is intended to provide transitional housing for 87 homeless families.
The incident which led to this order to show cause was the issuance of two appearance tickets by the Village against Westhab on March 15, 1991. Appearance ticket No. 031648 was to answer the charge of "Failure to file permit”. Appearance ticket No. 031651 was to answer the charge of "Plumbing installation no permit”.
Plaintiff Westhab is willing to apply for those local permits which would normally be obtained in such circumstances. However, it appears that the County of Westchester has instructed Westhab not to do so on the premise that the County of Westchester (and therefore Westhab, as its agent) is exempt from compliance with local building codes. The Village clearly takes the opposite position, hence the appearance tickets.
The practical reality appears to be that two governments, both of which profess their desire to see this project go forward, are engaged in a classic battle to define regulatory *1073 "turf’. Westhab thereby is being faced with the dilemma created by their actions, and with this important project being prevented from going forward.
The law is well settled that to obtain a preliminary injunction the moving party must establish three things: (1) the likelihood of ultimate success upon the merits; (2) irreparable injury absent the relief; and (3) that the relief sought is favored by a balancing of the equities. (Doe v Axelrod, 73 NY2d 748, 750; Buegler v Walsh, 111 AD2d 206, 207; Town of Southeast v Gonnella, 26 AD2d 550.)
It is well known to this court that the plight of the homeless is one of society’s most pressing social problems. Whether it be an adult afflicted with a medical or emotional problem which inhibits the ability to be self-sustaining; a senior citizen without the benefit of a family unit to provide for basic needs; a young wage earner now unemployed; a single parent with young children and without the means of supporting them; or other similarly needy individuals, the need to provide housing for our homeless brethren is of crucial importance.
Further, the court takes notice that New York State Constitution article XVII provides that the aid, care and support of the needy are public concerns, and are to be provided for by New York State and its subdivisions, as the Legislature provides; social services being a State program administered through local districts; the County Commissioner being responsible for the administration of public assistance and care within his territory (Social Services Law § 65 [3]).
It is within this context of pressing societal need and clear governmental duty to provide for the needy that this order to show cause must be addressed.
In order to address the first step of the preliminary injunction’s three-prong standard this court must determine the likelihood that it will eventually be determined that Westhab is exempt from the application of the local laws of the Village of Elmsford, as they would apply in this matter.
Prior to 1988 this determination depended upon whether the matter at issue (in our case the rehabilitation and operation of a family shelter for the homeless) was a governmental function. (Nehrbas v Incorporated Vil. of Lloyd Harbor, 2 NY2d 190.) If it was a governmental function then the governmental entity carrying out the activities was exempt from the application of the local rules of the host government. This exemption applied as well to contractors or organizations *1074 which carried on such activities on behalf of the governmental entity. (People v St. Agatha Home for Children, 47 NY2d 46; County of Westchester v Village of Mamaroneck, 22 AD2d 143.)
The activity involved in our case clearly falls within the classification of a governmental function so that under the test set forth in Nehrbas v Incorporated Vil. of Lloyd Harbor (supra), this activity, the County of Westchester, and its contractor Westhab would be exempt from the application of the local laws of the Village of Elmsford at issue in this case.
In 1988 however, the Court of Appeals adopted a new test based upon a balancing of public interests in Matter of County of Monroe (72 NY2d 338). That decision was based upon case law developments in other States and scholarly articles. The "balancing of public interests” test has as its focal point a decision as to which governmental interest should prevail. In applying this test the court (unless there is legislation to the contrary) initially must assume that the regulations of the host government do apply.
Following the making of the initial assumption that the local regulation applies the court is to engage in an evaluation of various considerations, none of which is controlling although one factor can overshadow all others in a given case. Those considerations include such things as the nature and scope of the instrumentality seeking the exemption (the County of Westchester here); the extent of public interest to be served; the effect the local regulation would have on the activity; the impact on legitimate local interests; alternative locations; alternative methods of providing the improvement; intergovernmental participation; an opportunity to be heard and other similar considerations.
In addressing these considerations this court is not unmindful of the fact that the Village’s position, as stated by its Mayor, is that it does not oppose the use of this facility as a family shelter. Also to be noted is that the affidavits of the Chiefs of the Elmsford Fire Department and Police Department relate that an increased burden has been placed upon their departments by reason of the fire and police calls which have been responded to at the present shelter. These, however, are not probative upon the balancing of public interests test. Whereas it seems the Village desires to exercise control over this facility the determination to be made by this court is which governmental entity should exercise control based upon a balancing of public interests. In this regard, the court notes *1075 the strong language used by the Appellate Division, Second Department, in the case of County of Westchester v Village of Mamaroneck (supra). There it was pointed out that it would be anomalous to allow a small village to impede the county in the performance of an essential governmental duty for the benefit of the health and welfare of the residents of the entire county.
Therefore, this court believes that upon a balancing of the public interests test it would be determined that the County of Westchester and Westhab would be exempt from the enforcement by the Village of Elmsford of the local regulations at issue. Therefore, the first step in determining if a preliminary injunction should be issued has been met. That is, the likelihood that upon the determination of the declaratory judgment action it would be found that neither the County of Westchester nor Westhab would be required to comply with the local regulations at issue.
The question of irreparable injury must next be addressed. Surely it cannot be denied that delays in the project will cause irreparable injuries to the families which would be denied better housing. No alternatives of any kind have been offered in opposition to this order to show cause, and it has been held that a remedy at law is inadequate if there is a long delay in its availability. (Board of Higher Educ. v Marcus, 63 Misc 2d 268; 28 NY Jur, Injunctions, § 42.)
Although it is the general rule that a preliminary injunction will not lie where there is an adequate remedy at law (and this court does not believe that the availability of an adequate remedy at law has been shown), this rule does not apply where the parties represent the public and where the loss will fall upon the public. (67 NY Jur 2d, Injunctions, § 43.) So that in disposing of an application for an injunction the court will consider the public interest and welfare as well as the interest of the private parties to the suit. (Wormser v Brown, 149 NY 163; De Pina v Educational Testing Serv., 31 AD2d 744; International Ry. Co. v Barone, 246 App Div 450; Ross v Disare, 500 F Supp 928.) A determination as to injunctive relief cannot always be made by simple reference to the concerns of the parties. A court of equity may go much further and give or withhold relief in the furtherance of the public interest. (Stamicarbon v American Cyanamid Co., 506 F2d 532.)
Given the importance of the nature of this project, the *1076 power and desire of the court to do that which is in the public interest, and the clear irreparable injury which will be done by delay, it is clear to this court that the second step of the three-part test has been met. The irreparable injury being personified not merely by the injury which will be caused to Westhab in the prevention of its fulfilling its contractual obligation, but more importantly that irreparable injury done to countless families who will be denied better shelter, and the resultant setback to the attempt to address the homeless problem in a humane and effective way in Westchester County.
The third step, which relates to a showing that the relief sought is favored by a balancing of the equities has already been shown to be the case in this court’s discussion of steps 1 and 2 above.
This court, therefore, will grant the order to show cause and issue the preliminary injunction requested.
To be noted is that this project will not go forward in the absence of proper fire, building and safety regulations, the County of Westchester being responsible for the enforcement of the Uniform Fire Prevention and Building Code with regard to this project. (19 NYCRR 441.2, 441.3.) In fact, the County of Westchester has clearly set forth its intention to not only fully comply with the New York State Uniform Fire Prevention and Building Code, and the New York State Sanitary Code, but has also indicated its insistence that all work also meet or exceed Village specifications.
Also, the court finds the Village’s reference to both 18 NYCRR 900.5 and to Social Services Law § 43 (4) (f) to be nondeterminative of this application. 18 NYCRR 900.5 is a regulation rather than an enactment of the New York State Legislature, and merely reinforces the premise that in the first instance the court must consider local regulations to be applicable. Social Services Law § 43 (4) (f) only applies within the context of funding and is therefore not applicable to the situation before the court.
The plaintiff Westhab shall post an undertaking of $10,000 pursuant to CPLR 6312 (b) within 20 days of the date of this order.
The Village of Elmsford is hereby enjoined, as are its agents, servants and employees and anyone acting on its behalf from prosecuting appearance tickets Nos. 031648 and 031651, pending a determination of this action.