■ In the Matter of Town of Queensbury, Appellant, v City of Glens Falls et al., Respondents. [629 NYS2d 120] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered April 3, 1995 in Warren County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, declare a resolution of respondent Common Council of the City of Glens Falls null and void.

In June 1993, the State, through the Department of Health, commenced an administrative enforcement proceeding against respondent City of Glens Falls (hereinafter the City) for its failure to meet Federal and State requirements for treatment

of surface water drinking sources. To correct the violation and permit the City to continue to use its surface water drinking sources, the City entered into a consent order with the State, through the Department of Health, on December 19, 1994. Under the terms of the order, the City was required to complete a plan to protect its watershed and update the water system by construction of chlorine dioxide disinfection systems, corrosion control facilities and storage tanks.

On January 19, 1995, respondent Common Council of the City of Glens Falls adopted a resolution authorizing and funding the construction of improvements to its water supply and distribution system including two large water storage tanks to be erected on property it owns in the Town of Queensbury, Warren County.* The Common Council also determined that the improvements to the City water supply and distribution system, including the erection of the water storage tanks, were exempt from review under the State Environmental Quality Review Act (ECL art 8) [hereinafter SEQRA]).

Prompted by concerns that there had been no evaluation of the potential environmental effects of two water storage tanks each having a diameter of 60 feet and a height of approximately 111 feet, nor any application for a use variance to erect the tanks within an area zoned "Parkland/Recreation", petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action to, *inter alia*, annul or declare invalid the resolution, and enjoin construction of the water storage tanks until all necessary SEQRA review was completed and zoning permits obtained. Supreme Court granted judgment in favor of respondents dismissing the action and proceeding. Petitioner appeals.

A consent order in an enforcement proceeding which imposes an obligation upon a local agency to correct a violation is an act of prosecutorial discretion and as such, is exempt under SEQRA (*see*, ECL 8-0105 [5] [i]; *Matter of New York Pub. Interest Research Group v Town of Islip*, 71 NY2d 292; *Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941; *Matter of Town of Brunswick v Jorling*, 149 AD2d 832). In our view, the consent order in the instant case arises out of an enforcement proceeding initiated by the State through the Department of Health and is therefore exempt from SEQRA review. The State could have incorporated the necessity of SEQRA review in the consent order if it desired. In addition, we reject the argument, advanced by petitioner,

---

* The City considered and rejected as too costly the continued purchase of water from petitioner.

that the City's proposed actions in siting and constructing the water tanks are still subject to SEQRA review because these details were not specifically set forth in the consent order. We find no support in the law for this proposition.

Turning to the parties' dispute over the application of petitioner's zoning ordinance, we find that Supreme Court correctly employed the "balancing of public interests" approach adopted in *Matter of County of Monroe (City of Rochester)* (72 NY2d 338). We find no basis in the record to disturb Supreme Court's finding that the City need not comply with the Town's zoning regulations.

As a final matter, while we agree with Supreme Court's substantive determination, its decision to grant judgment in favor of respondents in the declaratory judgment action must be modified, insofar as the proper procedure was to grant a declaration in respondents' favor.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint in the declaratory judgment action; it is declared that resolution No. 16 of respondent Common Council of the City of Glens Falls has not been shown to be null and void; and, as so modified, affirmed.