OPINION OF THE COURT
Howard Miller, J.
Petition to annul the April 20, 1998 determination of the Zoning Board of Appeals of the Town of Clarkstown is denied and dismissed, except to the extent that the Town of Clarkstown shall, after petitioner files. a site plan, expeditiously determine whether petitioner is subject to the zoning regulations of the Town of Clarkstown, based upon the factors set forth in Matter of County of Monroe (72 NY2d 338).
Petitioner commenced this proceeding to declare null and void a decision of the Town of Clarkstown Zoning Board of Appeals (the Town) dated April 20, 1998 which vacated and annulled a building permit previously issued to petitioner for construction of a fire substation. Petitioner contends that: (1) the application for review of the issuance of the building permit was untimely under Town Law; (2) petitioner has vested rights; and (3) the construction is in the public interest and not subject to the jurisdiction of the Town. Respondents deny petitioner’s allegations, and claim that the construction of the fire substation is subject to the balancing test set forth in Matter of County of Monroe (supra). It is not disputed that under the Town of Clarkstown Building Code a fire station is a permissive use in an R-15 zone; however, such use requires 80,000 square feet and the filing of a site plan. Petitioner intends to construct the fire station on 43,841 square feet, a portion of which is already occupied by another structure, and no site plan was filed.
Even if the third-party application to review the issuance of the building permit were untimely, the building inspector had no discretion to issue a building permit which fails to conform with applicable provisions of law, and the permit could have been revoked at any time, even in the absence of any third-party appeal (Matter of Parkview Assocs. v City of New York, 71 NY2d 274).
Inasmuch as respondents have not as yet taken any action which will render the proposed construction “essentially valueless” (Town of Orangetown v Magee, 88 NY2d 41, 48), petitioner’s vested interest claim is premature. Respondents have not *298 at this point made any determination that the project may not go forward at all; rather respondents claim that the County of Monroe balancing test must precede construction.
The pivotal issue to be determined is whether petitioner is subject to the Town’s zoning ordinance to the extent that the Town acted reasonably in revoking the building permit and requiring site plan review and a public hearing. The Town contends petitioner is not a political subdivision, relying upon the differential treatment accorded fire districts in negligence cases, under Real Property Tax Law §§ 410 and 464, and Town Law § 176, and is therefore subject to local zoning regulations. Alternatively, respondents contend that if petitioner is a political subdivision, the balancing test established in County of Monroe (supra) must be conducted.
Under Town Law § 170, the town board of any town may establish a fire district. A fire district is a political subdivision of the State of New York, and the members of the local fire department within the district are employees of the fire district (Town Law § 174). Real property acquired by a fire district is “deemed to be required for public use” (Town Law § 176 [14]). In this case, the property which is the subject of this proceeding was given to petitioner, a fire company, and not to the fire district.
A fire company, such as petitioner, “is essentially under the complete control of the Fire District; that the Fire District rather than the Fire Company is responsible for the prevention and extinguishment of fires” (Knapp v Union Vale Fire Co., 141 AD2d 509, 510). In order for the fire district to provide the service it is required to provide by law, it must function through fire companies. It is absurd to argue that only the fire district, i.e., the commissioners and officers of the district, constitute the “political subdivision”. That the ownership of the real property underlying a fire station is titled in a fire company, rather than a fire district, does not in any way alter the fact that the fire station is required for public use, and utilized by the fire district’s employees to fulfill the fire district’s statutory obligations. The differential treatment accorded a fire company under negligence and taxing principles has no relevance to this case. Thus, for purposes of determining whether property to be utilized for a fire station is subject to applicable zoning laws, a fire company stands upon the same footing as a fire district, a conclusion similarly reached in Informal Opinion No. 83-33 of the Attorney-General of the State of New York in 1983 (1983 Atty Gen [Inf Opns] 1077 [the 1983 Opinion]).
*299 The 1983 Opinion states that a fire corporation need not comply with town zoning and building regulations. On June 18, 1992, the building inspector for the Town of Clarkstown, Adolph Milich, Jr., sent a memorandum to all building and fire inspectors advising them that all properties owned or used by a fire district were exempt from zoning and building code regulations, and attached a copy of the 1983 Opinion. The town attorney, on June 30, 1992, responded to Mr. Milich’s memorandum, advising him of the Court of Appeals decision in the County of Monroe case (supra), which had applied a “balancing of public interests” test to determine whether one governmental body is subject to the zoning requirements of another governmental body. In December of 1997, when Mr. Milich issued petitioner a building permit, he relied, inter alia, upon the 1983 Opinion, the June 30, 1992 town attorney memorandum, and a May 22, 1997 memorandum from the town attorney indicating that an expansion of another firehouse could be done with a building permit only. Mr. Milich, in an affidavit submitted to the Town Board, states that he utilized the County of Monroe criteria in determining that the proposed fire station was in the public interest.
Historically, New York has recognized that certain entities are entitled to absolute immunity from zoning regulation, i.e., the Federal Government (Breeze v Town of Bethlehem, 151 Misc 2d 230); State government (Matter of Hongisto v Mercure, 72 AD2d 850); State urban development corporations (Floyd v New York State Urban Dev. Corp., 33 NY2d 1); public schools (Matter of Jewish Bd. of Family & Children’s Servs. v Zoning Bd., 79 AD2d 657); and parks (Incorporated Vil. of Lloyd Harbor v Town of Huntington, 4 NY2d 182; Oswald v Westchester County Park Comm., 234 NYS2d 465, affd without opn 18 AD2d 1139). Other governmental entities are afforded only a limited immunity and are subject to the balancing of public interests test established in the County of Monroe case (supra), i.e., town government (Dunn v Town of Warwick, 146 AD2d 601; Armenia v Luther, 152 AD2d 928); city government (Matter of Town of Queensbury v City of Glens Falls, 217 AD2d 789); and industrial development agencies (Matter of King v Saratoga Indus. Dev. Agency, 208 AD2d 194). In abolishing a prior distinction between governmental and proprietary functions, the Court of Appeals adopted the balancing of public interests test first applied in Rutgers, State Univ. v Piluso (60 NJ 142, 286 A2d 697). In developing the “balancing test”, the Rutgers case acknowledges that even if a governmental divi *300 sion is immune from zoning regulation, such immunity “was not to be exercised in an unreasonable fashion, so as to arbitrarily override all important legitimate local interests” (Annotation, Zoning of Government Activities, 53 ALR5th 1, 40).
The body of case law leans toward a limited, rather than absolute, immunity from local zoning regulation for the construction of fire stations, particularly since the New York State Legislature, in enacting article 11 of the Town Law, did not specifically exempt fire districts from local zoning regulation. In the absence of an expression of contrary legislative intent, the fire district is subject in the first instance to local zoning requirements (Matter of County of Monroe, 72 NY2d 338, supra; Westhab, Inc. v Village of Elmsford, 151 Misc 2d 1071).
The Town of Clarkstown has enacted a Zoning Code which allows the construction of fire stations in an R-15 zone on an 80,000 square foot lot. Thus, the Town of Clarkstown has made a determination that, absent an exemption, the construction of a fire station is subject to the Zoning Code. In order to determine whether petitioner’s planned construction is exempt from the Zoning Code, the balancing of public interests test set forth in County of Monroe (supra) must be conducted. A significant factor in the test is “intergovernmental participation in the project development process and an opportunity to be heard” (Matter of County of Monroe, supra, at 343), neither of which has occurred with respect to petitioner’s planned construction.
While the building inspector may have considered, to a limited extent, the criteria set forth in County of Monroe (supra) in issuing petitioner’s permit, there is no authority for a building inspector to be the arbiter of whether one governmental subdivision is subject to zoning regulation by another governmental subdivision, particularly where there has been no significant intergovernmental participation in the project development process and no public hearing has been held. Although the Court of Appeals failed to specify the entity initially responsible for evaluating the competing public interests, in County of Monroe, prior to the commencement of litigation, public hearings had been held by the County, and the Court of Appeals had sufficient information before it to rule on the issue. However, in this case, no public hearing with respect to the proposed project has been held, and the record before the court does not contain sufficient information to enable this *301 court to determine whether petitioner is subject to local zoning. Further, it is not appropriate that the judiciary supplant the role of local government in initially reviewing the criteria for an exemption from zoning requirements (see, e.g., Matter of King v Saratoga Indus. Dev. Agency, supra). It should also be noted that this is not a declaratory judgment action, but a CPLR article 78 proceeding, limited in scope to whether the respondents acted arbitrarily and capriciously in revoking petitioner’s building permit. Therefore no determination is made with respect to whether petitioner is subject to local zoning.
Since no significant balancing test has yet been conducted, it cannot be said that respondents’ April 20, 1998 determination was either arbitrary or capricious. It is for the Town of Clarkstown, in the first instance, to determine, after an opportunity to be heard is afforded other intergovernmental agencies and legitimate local interests, to apply the balancing test set forth in County of Monroe (supra). Likewise, respondents’ requirement that petitioner file a site plan is neither arbitrary nor capricious, since it will permit local interests to be apprised of the scope of the project. The court expects, however, that the Town of Clarkstown will proceed expeditiously in order to minimize any additional costs which might result from construction delays, since those costs will ultimately be borne by the taxpayers.