VOLUNTEER FIRE ASSOCIATION OF TAPPAN, INC., Appellant, v TOWN OF ORANGETOWN, Respondent. [863 NYS2d 502]—

In an action, inter alia, for a judgment declaring that the plaintiff is exempt from the defendant's local laws and regula-

tions, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated April 3, 2007, which denied its motion, in effect, for summary judgment and, upon searching the record, awarded summary judgment to the defendant.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff is not exempt from the defendant's local laws and regulations.

The plaintiff provides fire protection services for the Tappan Fire District. In April 2006 the defendant Town of Orangetown (hereinafter the Town) denied the plaintiff's application for a building permit with respect to the construction of a new firehouse on the ground that the project required site plan approval from the Town of Orangetown Planning Board (hereinafter the Planning Board). The plaintiff then commenced this action, inter alia, for a judgment declaring that it is exempt from the Town's local laws and regulations. The Town does not contest the plaintiff's argument that, with respect to the issues presented here, the plaintiff stands in the same position as the fire district. During the pendency of the action, the Zoning Board of Appeals (hereinafter the ZBA) held a hearing for the purpose of conducting a "balancing of the public interests" pursuant to *Matter of County of Monroe (City of Rochester)* (72 NY2d 338, 341 [1988]) and making its own determination as to whether the plaintiff was exempt from the Town's zoning laws. After the hearing, the ZBA determined that the plaintiff would be exempt from applying for variances from the Town's zoning regulations but would nevertheless be required to submit its site plan to the Planning Board for site plan review.

The Supreme Court, after conducting its own balancing of the public interests, properly found that the plaintiff is not exempt from submitting its site plan to the Planning Board for site plan review (*see Matter of Board of Fire Commrs. of Tappan Fire Dist. v Planning Bd. of Town of Orangetown*, 253 AD2d 875 [1998]). Unlike the encroaching governmental unit in *Matter of County of Monroe* (72 NY2d at 344), the plaintiff in this case does not have its own land use approval process with public hearings and a comment period, and if the project were not subjected to site plan review by the Planning Board, there would be no equivalent review by any other entity.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff is not exempt from the Town's local laws and regulations (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert*

*denied* 371 US 901 [1962]). Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur.