■ INCORPORATED VILLAGE OF MUNSEY PARK, Appellant, v MANHASSET-LAKEVILLE WATER DISTRICT, Respondent. [57 NYS3d 154]—

In an action to permanently enjoin the defendant from violating zoning ordinances of the Incorporated Village of Munsey Park and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered June 16, 2015, which granted the defendant's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the Code of the Village of Munsey Park does not apply to the proposed construction plan and that the proposed construction plan is a Type II action not subject to review under the State Environmental Quality Review Act.

The defendant, Manhasset-Lakeville Water District (hereinafter the Water District), is a special district of the Town of North Hempstead. Its sole purpose is to provide and sell potable water to consumers within its boundaries. The Water District requires the use of water storage tanks to provide water and maintain water pressure, including elevated water storage tanks. One of the elevated water storage tanks (hereinafter the current tank) is located on a lot owned by the Water District in the plaintiff, Incorporated Village of Munsey Park. The current tank is not permitted as of right by the Village's zoning code, which prohibits buildings in excess of 30 feet in height.

The current tank was built in 1929. In 2014, the Water District's engineering firm determined that it had to be replaced. The Water District developed a plan to replace the current tank (hereinafter the proposed construction plan) and held two public hearings with the officials of the surrounding municipalities, including officials from the Village. Changes were made to the proposed construction plan to accommodate concerns of the Village and its residents. Alternatives such as rehabilitation of the current tank and alternative sites were considered and rejected.

Under the proposed construction plan, the storage capacity of the replacement tank would be increased by 250,000 gallons and the replacement tank would be shorter and squatter than the current tank. An antennae would be placed on the replacement tank to provide a means of wireless communication between Water District facilities and for dispatching the employees and volunteer firemen of the Fire District through the Supervisory Control and Data Acquisition network. The Nassau County Department of Health approved the proposed construction plan. The Water District determined that the proposed construction plan was immune from the Village's regulations and review based on the balancing test enunciated in *Matter of County of Monroe (City of Rochester)* (72 NY2d 338 [1988]). The Water District also determined that the proposed construction plan was a replacement-in-kind Type II action not subject to further environmental review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA).

The Village commenced this action for a judgment declaring that the Water District must comply with the Village Code, for a permanent injunction enjoining the Water District from commencing any demolition, construction, or alterations until the Water District complies with the Village Code, and directing the Water District to act in strict compliance with SEQRA. The Water District moved for summary judgment, in effect, declaring that the Village Code does not apply to the proposed construction plan and that the proposed construction plan is a Type II action not subject to review under SEQRA, and dismissing the cause of action seeking a permanent injunction. The Village cross-moved for summary judgment on the complaint. The Supreme Court granted the Water District's motion and denied the Village's cross motion. The Village appeals.

In *Matter of County of Monroe (City of Rochester)* (72 NY2d 338 [1988]), the Court of Appeals addressed the applicability of local zoning laws where a conflict exists between two govern-

mental entities. The Court therein articulated "a balancing of public interests" test which requires the consideration of various factors in order to determine whether an entity should be granted immunity from local zoning requirements (*id.* at 341 [internal quotation marks omitted]). These factors include "the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise concerned and the impact upon legitimate local interests" (*id.* at 343).

Here, the Village failed to set forth any basis for its contention that the application of the *Monroe* balancing test is in the exclusive province of the Village, or host entity. In fact, the Court of Appeals did not specify the entity initially responsible for evaluating the competing interests (*see id.* at 341-343; *Nanuet Fire Engine Co. No. 1 v Amster*, 177 Misc 2d 296, 300 [Sup Ct, Rockland County 1998]). Further, the Supreme Court properly employed the "balancing of public interests" test and correctly determined that the proposed construction plan is immune from the Village's local laws (*see Jamaica Water Supply Co. v City of New York*, 304 NY 917, 919 [1953], *affg Jamaica Water Supply Co. v City of New York*, 280 App Div 834, 835 [1952]; *Town of Hempstead v State of New York*, 42 AD3d 527, 529 [2007]; *Matter of Town of Queensbury v City of Glens Falls*, 217 AD2d 789, 791 [1995]; *County of Nassau v South Farmingdale Water Dist.*, 62 AD2d 380, 391-392 [1978], *affd* 46 NY2d 794 [1978]; *cf. Volunteer Fire Assn. of Tappan, Inc. v Town of Orangetown*, 54 AD3d 850, 851 [2008]).

The Supreme Court also properly found, in effect, that the Water District's determination that the proposed construction plan was for a "replacement, rehabilitation or reconstruction of a structure or facility, in kind" (6 NYCRR 617.5 [c] [2]) and, thus, was a Type II action under SEQRA that presumptively did not have a significant impact upon the environment and did not require the preparation and circulation of an environmental impact statement, was not irrational, arbitrary or capricious, affected by error of law, or an abuse of discretion (*see Matter of Coney-Brighton Boardwalk Alliance v New York City Dept. of Parks & Recreation*, 122 AD3d 924, 925 [2014]; *Matter of Groarke v Board of Educ. of Rockville Ctr. Union Free School Dist.*, 63 AD3d 935, 936 [2009]).

Accordingly, in view of the determination that the proposed construction plan was a Type II action pursuant to SEQRA and the balancing factors which favor immunity, the Supreme Court properly concluded that the Water District was entitled to summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the Village Code does not apply to the proposed construction plan and that the proposed construction plan is a Type II action not subject to review under SEQRA. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.