■ In the Matter of CLAUDE MOOREHEAD, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated December 30, 1987, which, after a hearing, found the petitioner guilty of failing to obey a lawful order and imposed a one-day suspension.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner has been employed by the respondent New York City Transit Authority since January of 1984. On or about June 16, 1987, the petitioner was served with two specific charges by the respondent alleging misconduct and incompetence in connection with his employment. The Hearing Officer recommended a finding of guilty with respect to the second charge, that he failed to report to a medical clinic on May 19, 1987, as directed.

In this proceeding, the only issue raised by the petitioner is the sufficiency of the evidence supporting the guilty determination with regard to the second charge.

In determining whether there is substantial evidence to support an administrative agency's determination, the reviewing court must review the whole record to determine whether the agency's action was rational *(see, Matter of Pell v Board of*

*Educ.,* 34 NY2d 222, 231; *see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The question is not whether the record would convince the reviewing court of the facts found, but whether on the record a reasonable person might have made the findings and conclusions made by the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269). An agency's determination of a question of fact, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record to support a contrary conclusion *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679). "The courts may not weigh the evidence or reject the choice made by the [agency] where the evidence is conflicting and room for choice exists" *(see, Matter of Stork Rest. v Boland,* 282 NY 256, 267).

We find that there was substantial evidence in the record to support the Hearing Officer's finding of fact that the petitioner failed to report to a medical clinic on May 19, 1987, as directed. The testimony of Police Administrative Aide Lewis and the documentary evidence support the determination that the petitioner's guilt of the second charge was established. Thompson, J. P., Rubin and Spatt, JJ., concur.

Balletta, J., dissents and votes to grant the petition and annul the determination, with the following memorandum: I respectfully disagree with the majority's finding that there was substantial evidence in the record to support the agency's determination.

As stated by the Court of Appeals in *300 Gramatan Ave. Assocs. v State Div. of Human Rights* (45 NY2d 176, 181): "A court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency * * *. In final analysis, substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically".

A review of the entire record clearly shows that the agency's determination is not reasonable and is not supported by substantial evidence. The proof within the record herein was not of such quality and quantity as to convince an impartial reviewer that the petitioner had failed to report to a medical clinic on May 19, 1987, as directed. Neither Sgt. Denice nor

Police Administrative Aide Lewis testified that they had directed the petitioner to appear at the clinic on May 19th when he called in sick on May 18th, while the petitioner unequivocally stated that no one had instructed him to go to the clinic. Thus, there was insufficient evidence to indicate that the petitioner had been given any orders to report to the clinic.

Accordingly, I vote to annul the determination.