■ In the Matter of Town of Brunswick, Petitioner, v Thomas C. Jorling, as Commissioner of the New York State Department of Environmental Conservation, Respondent.— Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent which fined petitioner for operating a landfill without the requisite permit and ordered closure of the landfill.

In 1982, petitioner's permit to operate its sanitary landfill expired. Petitioner, however, continued to operate the facility without benefit of a permit. As a result, in 1987 the Department of Environmental Conservation (hereinafter DEC) charged petitioner with operating the landfill without a permit and sought closure of the facility. Petitioner was also charged with impermissibly allowing leachate* from the facility to enter and contaminate both surface waters and groundwaters. A hearing was held after which the Administrative

---

* Leachate is defined as "a liquid, including any suspended components in the liquid, which has been in contact with or passed through solid waste" (6 NYCRR 360.1 [d] [41]).

Law Judge (hereinafter ALJ) sustained the charges against petitioner and recommended that the facility be closed. The ALJ also recommended that petitioner be fined $1,000 for operating the facility without a permit, $3,000 for discharging leachate without a permit and $1,000 for contravening water standards. Respondent accepted the ALJ's recommendations in full and ordered petitioner to submit a plan to close the facility. Petitioner then commenced this proceeding which was transferred to this court for our review pursuant to CPLR 7804 (g).

Respondent's determination should be confirmed. With respect to the finding that petitioner was operating a landfill without a permit, there is no serious dispute. State regulations require a valid operating permit to be in effect before the operation of such a facility is allowed (6 NYCRR 360.2 [b]). Here, petitioner admitted that, upon the expiration of its permit, it never applied for a renewal. Additionally, given this violation, respondent was authorized to order that the facility be closed (see, ECL 71-2703 [1]; *Town of Junius v Flacke,* 71 AD2d 423, *affd* 53 NY2d 616).

As to the finding that petitioner was discharging leachate into surface waters without a permit, that too is supported by substantial evidence. Inspections conducted by DEC and its designated agents since 1982 continually indicated that leachate was entering surface waters and flowing into a nearby creek. Expert testimony by a DEC engineer who examined the site supported these findings. 6 NYCRR 360.8 (a) (3) prohibits the draining or discharge of leachate into surface waters unless a permit from DEC is first obtained. Here, petitioner does not allege that it obtained such a permit; respondent therefore properly found petitioner in violation of this regulation.

The evidence also supports respondent's conclusion that petitioner contravened applicable groundwater standards in allowing leachate to enter groundwater and contribute to an excess of iron in the groundwaters. Laboratory tests of wells located at the landfill site indicated numerous occasions where the landfill had iron concentrations substantially in excess of the limits set by 6 NYCRR 703.5 (a) (3) *(b) (10).*

Additionally, contrary to petitioner's claim, in our view DEC was not required to conduct a State Environmental Quality Review Act (hereinafter SEQRA; ECL art 8) evaluation prior to ordering closure of the facility (see, *Matter of New York Pub. Interest Research Group v Town of Islip,* 71 NY2d 292, 305-306). The types of actions encompassed by

SEQRA do not include enforcement proceedings or the exercise of prosecutorial discretion by an agency (ECL 8-0105 [5] [i]; *see,* 6 NYCRR 617.2 [q] [1]). We also reject petitioner's argument that the order of closure was improper due to financial ramifications. Petitioner has introduced no evidence to support the proposition that alternative waste disposal was unavailable or too expensive *(cf., Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, *lv denied* 46 NY2d 713). Furthermore, petitioner's claim that certain evidence was improperly admitted since it was hearsay is rejected insofar as such evidence is clearly admissible in administrative hearings *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *see also,* 6 NYCRR 622.12 [e] [7]). We have considered petitioner's remaining contentions and find them similarly lacking in merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.