■ In the Matter of WILFREDO PALOMINO et al., Petitioners, v JOSEPH F. BRUNO, as Commissioner of the City of New York Fire Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York City Fire Department dated August 19, 1987, which, after a hearing, found the petitioner Wilfredo Palomino guilty of certain charges of misconduct and dismissed him from his position as an inspector.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner Wilfredo Palomino is a chemical engineer who commenced employment with the New York City Fire Department as a civilian inspector on June 18, 1984. Following an extensive hearing, an Administrative Law Judge sustained 39 charges of misconduct against him, concluding, *inter alia,* that during a four-month period in 1985, he had submitted false reports and statements, arrived at work excessively late and departed work early, and had been absent without leave for portions of several days. The Administrative Law Judge's findings and recommendation of dismissal were subsequently adopted by the respondent Commissioner of the New York City Fire Department.

It is well established that in order to annul an administrative determination made after a required hearing, a court must be satisfied after reviewing the record as a whole that the determination is not supported by substantial evidence *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Where an agency's determination is supported by substantial

evidence, it is beyond judicial review, and a reviewing court may not " 'weigh the evidence or reject the choice made by [the agency] where the evidence is conflicting and room for choice exists' " (*Matter of Collins v Codd*, 38 NY2d 269, 271, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267; *Matter of Moorehead v New York City Tr. Auth.*, 147 AD2d 569).

Although Palomino vehemently denied that he had ever been advised of certain of the Fire Department regulations which he was charged with violating, including a requirement that inspectors arrive at their first inspection site at 9:00 A.M., upon our review of the evidence we find that the Administrative Law Judge's assessment of the credibility of the witnesses and the inferences to be drawn from the evidence presented were supported by substantial evidence, and should therefore not be disturbed (*see, Matter of Di Maria v Ross*, 52 NY2d 771; *Matter of Avon Bar & Grill v O'Connell*, 301 NY 150; *Matter of Panacea Tavern v New York State Liq. Auth.*, 144 AD2d 562).

Further, the penalty of dismissal which was imposed in the instant matter was not "shocking to one's sense of fairness", in view of the nature of Palomino's employment in insuring fire safety, and the evidence in the record which demonstrates that he engaged in repeated violations of Fire Department Regulations and in acts of dishonesty (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222; *Meades v Spinnato*, 138 AD2d 579; *Eckert v City of Newburgh*, 114 AD2d 398; *Smack v Pattison*, 80 AD2d 874). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.