■ In the Matter of GLENN RUSSELL, Petitioner, v VINCENT DEL CASTILLO, as Chief of the New York City Transit Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Vincent Del Castillo, Chief of the New York City Transit Authority Police Department, dated September 8, 1989, which, after a hearing, found the petitioner guilty of certain miscon-

duct and dismissed him from his position as a New York City Transit Authority Police Officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In April 1988 the petitioner was observed by a New York City Housing Authority Police Officer seated in the passenger seat of a parked automobile, holding a pistol in his lap, with his brother-in-law, and a boyfriend of another sister of the petitioner. The boyfriend was the target of an undercover narcotics investigation. The boyfriend left the car, and discussed a proposed drug transaction with an undercover officer in a nearby vehicle.

Following a hearing, the Referee concluded that the totality of the circumstances supported the inference that the petitioner, a New York City Transit Police Officer, was aware of the impending drug transaction, and had by his actions violated two provisions of the New York City Transit Authority Police Manual. The Referee's findings and recommendation of dismissal were subsequently adopted by the respondent Chief of the New York City Transit Authority Police Department.

We conclude that substantial evidence was presented to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; Matter of Berenhaus v Ward, 70 NY2d 436, 443-444), including the Hearing Officer's decision to credit the testimony of the undercover officer who identified the petitioner (see, Matter of Berenhaus v Ward, supra, at 443-444; Matter of Palomino v Bruno, 157 AD2d 730).

The Hearing Officer's denial of the petitioner's motion to reopen the hearing on the basis of alleged newly-discovered evidence did not constitute an improvident exercise of discretion (see, United States v Pierce Auto Lines, 327 US 515, 534-535; see also, 1 Koch, Administrative Law and Practice § 6.76, at 526-527). Having been apprised of the existence of the surveillance photographs at the hearing, it cannot be said that with the exercise of due diligence, the petitioner could not have discovered the nature of their contents.

The hearsay testimony objected to by the petitioner clearly bore satisfactory indicia of reliability, and was therefore properly admitted in evidence at the hearing (see, Matter of Town of Brunswick v Jorling, 149 AD2d 832, 834; see also, 1 Koch, Administrative Law and Practice § 6.32, at 470-474; Silver, Public Employee Discharge and Discipline § 7.9, at 7-32—7-34).

Finally, given the nature of the petitioner's actions, the penalty of dismissal is not shocking to one's sense of fairness

*(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234-235; *Matter of Palomino v Bruno, supra,* at 730). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.