■ In the Matter of GARBEN TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [612 NYS2d 892] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated December 12, 1991, which, after a hearing, suspended the petitioner's license to sell alcoholic beverages for 22 days and ordered the forfeiture of the petitioner's $1,000 bond.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the determination with respect to the penalty imposed is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for imposition of a corrected penalty in accordance herewith.

Following an administrative hearing, the respondent New York State Liquor Authority adopted the findings of an Administrative Law Judge and determined that the petitioner committed two violations of Alcoholic Beverage Control Law § 65 (1), in that it sold, delivered, or gave away or permitted to be sold, delivered, or given away, alcoholic beverages to a person under the age of 21 years on March 26, 1988, and May 6, 1988. We find that the respondent's determination was supported by substantial evidence *(see,* CPLR 7803 [4]; *Matter of Russell v Del Castillo,* 181 AD2d 680, 681; *Matter of Butler v Nassau County Civ. Serv. Commn.,* 175 AD2d 159).

However, the penalty as set forth in the decision dated November 26, 1991, differs from that set forth in the order of suspension. The respondent has conceded that the penalty imposed in the order of suspension was a typographical error. Accordingly, we remit this matter to the respondent for imposition of a new penalty consistent with the decision. Mangano, P. J., Miller, Hart and Florio, JJ., concur.