In the Matter of SHARLENE WALLACE, Petitioner, v KOREY JOHNSON, Respondent. DIANE B. GROOM, Nonparty Appellant. [920 NYS2d 107]—

The Family Court's finding that there was no change in circumstances warranting a modification of the parties' custody agreement (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Peralta v Irrizary*, 76 AD3d 561, 562 [2010]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]; *Matter of Arduino v Ayuso*, 70 AD3d 682 [2010]), has a sound and substantial basis in the record and will therefore not be disturbed (*see Matter of Jones v Leppert*, 75 AD3d 552 [2010]; *Matter of Summer A.*, 49 AD3d 722, 726 [2008]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Likewise, the Family Court properly determined that the proposed relocation of the child to the state of Arkansas was not in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739-741 [1996]; *Matter of Huston v Jones*, 252 AD2d 502, 503 [1998]; *Matter of Mascola v Mascola*, 251 AD2d 414, 415 [1998]; *cf. Matter of Fegadel v Anderson*, 40 AD3d 1091, 1092 [2007]).

The Family Court did not improvidently exercise its discretion in denying the motion by the attorney for the child to reopen the hearing, on the basis of purported new evidence (*see Matter of Russell v Del Castillo*, 181 AD2d 680, 681 [1992]; *Mat-*

ter of Ashley B., 2 AD3d 1402, 1402-1403 [2003]). The alleged new evidence was either cumulative in nature or would not have produced a different result (see Matter of Jonathan B., 11 AD3d 290 [2004]; Matter of Karen F., 208 AD2d 994, 996 [1994]). Rivera, J.P., Dillon, Hall and Roman, JJ., concur.