Matter of McArdle v Weiss (2016 NY Slip Op 05782)





Matter of McArdle v Weiss


2016 NY Slip Op 05782


Decided on August 16, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 16, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-08599
 (Index No. 7342/16)

[*1]In the Matter of Charles G. McArdle, et al., appellants, 
v
Robert Weiss, et al., respondents-respondents, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating certain of the respondents as candidates in a primary election to be held on September 13, 2016, for the party positions of Members of the County Committee of the Conservative Party, Suffolk County, for certain Election Districts within the 1st, 2nd, 3rd, 5th, and 7th Assembly Districts, and to invalidate certain certificates of declination, the petitioners appeal from a final order of the Supreme Court, Suffolk County (J.E. Murphy, J.), dated August 12, 2016, which, after a hearing, and upon an order of the same court dated August 11, 2016, denying the petitioners' motion to reopen the hearing, denied the petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioners contend that Jeremy Brandt, a signatory on certain designating petitions, did not reside at the address listed as his residence on those petitions. Pursuant to Election Law § 1-104(22), a residence is that place where a person maintains a fixed, permanent, and principal home and to which he or she, wherever temporarily located, always intends to return. "As used in the Election Law, the term residence' is synonymous with domicile'" (Matter of Willis v Suffolk County Bd. of Elections, 54 AD3d 436, 437, citing Matter of Fernandez v Monegro, 10 AD3d 429, 430). "[A]n individual having two residences may choose one to which she [or he] has legitimate, significant and continuing attachments as her [or his] residence for purposes of the Election Law'" (People v O'Hara, 96 NY2d 378, 385, quoting Matter of Ferguson v McNab, 60 NY2d 598, 600). The crucial factor in determining whether a particular residence complies with the requirements of the Election Law is that "the individual must manifest an intent [to reside there], coupled with physical presence, without any aura of sham'" (Matter of Chaimowitz v Calcaterra, 76 AD3d 685, 686, quoting Matter of Gallagher v Dinkins, 41 AD2d 946, 946, affd 32 NY2d 839 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that the petitioners failed to prove by clear and convincing evidence that Brandt did not reside at the address listed as his residence on certain designating petitions (see Matter of Shafer v Dorsey, 43 AD3d 621, 622-623; Matter of Johnson v Simpson, 43 AD3d 478; Matter of Diamondstone v Connor, 32 AD3d 482). Further, contrary to the petitioners' contention, the court did not improvidently exercise its discretion in denying their motion to reopen the hearing on the basis of purported new evidence regarding Brandt's residence (see Matter of Wallace v Johnson, 82 AD3d 994; Matter of Catapano, 17 AD3d 673, 674).
"Generally, a designating petition will only be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud" (Matter of Finn v Sherwood, 87 AD3d 1044, 1045). "While a finding that a designating petition is permeated with fraud supports the invalidation of the entire petition, where the irregularities in the petition are not found by clear and convincing evidence to have been the result of fraud, only the invalid signatures or improperly subscribed designating sheets should be stricken" (Matter of Robinson v Edwards, 54 AD3d 682, 683 [citation and internal quotation marks omitted]). Here, the Supreme Court properly determined that the petitioners failed to prove by clear and convincing evidence that the designating petition of Kerri A. Macedonio and Michael E. Torres was permeated with fraud (see Matter of Fatata v Phillips, 140 AD3d 1295; Matter of Finn v Sherwood, 87 AD3d at 1045).
Accordingly, the Supreme Court properly denied those branches of the petition which were to invalidate the subject designating petitions.
The petition also sought to invalidate certificates of declination filed by the petitioners Margaret Choras, Nataliya Khomik, and Janet Pizirusso, on the ground that they were fraudulently induced to sign those certificates. The proper evidentiary standard for proving fraud in an Election Law proceeding is clear and convincing evidence (see Matter of Felder v Storobin, 100 AD3d 11, 16). Here, the petitioners failed to prove by clear and convincing evidence that Choras, Khomik, and Pizirusso were fraudulently induced to sign the subject certificates of declination. Accordingly, the Supreme Court properly denied those branches of the petition which were to invalidate the subject certificates of declination.
LEVENTHAL, J.P., HALL, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court