Matter of Gashi v Branda (2023 NY Slip Op 02580)

Matter of Gashi v Branda

2023 NY Slip Op 02580

Decided on May 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04115
 (Index No. 60078/23)

[*1]In the Matter of Vedat Gashi, appellant,
v
Daniel J. Branda, respondent-respondent, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Daniel J. Branda as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Westchester County Legislator, 4th Legislative District, the petitioner appeals from a final order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated May 1, 2023. The final order, after a hearing, denied the amended petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
Daniel J. Branda filed a petition designating himself as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Westchester County Legislator, 4th Legislative District. The designating petition contained 687 signatures. The Westchester County Board of Elections reviewed the designating petition and found that it contained 565 valid signatures. Branda needed 500 signatures to qualify for the primary election.
The petitioner commenced this proceeding, inter alia, to invalidate the designating petition on the grounds that Branda did not reside at the address listed on that petition, and that certain signatures in the designating petition were fraudulent. In a final order dated May 1, 2023, the Supreme Court, after a hearing, denied the amended petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding. The petitioner appeals.
Pursuant to Election Law § 1-104(22), a residence is "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return." "'[A]n individual having two residences may choose one to which she [or he] has legitimate, significant and continuing attachments as her [or his] residence for purposes of the Election Law'" (Matter of McArdle v Weis, 142 AD3d 567, 568, quoting People v O'Hara, 96 NY2d 378, 385 [internal quotation marks omitted]). "The crucial factor in determining whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence, without any aura of sham" (Matter of McArdle v Weis, 142 AD3d at 568 [internal quotation marks omitted]; see Matter of Chaimowitz v Calcaterra, 76 AD3d 685, 686).
Here, although the petitioner established that Branda lived both at his family's home in Westchester County and at an apartment in Putnam County, the record demonstrated that Branda [*2]and his family had legitimate, significant, and continuing attachments to their home in Westchester County, and intended to reside there. The Supreme Court therefore properly determined that the petitioner failed to prove by clear and convincing evidence that Branda did not reside at the address listed as his residence on the designating petition (see Matter of McArdle v Weis, 142 AD3d at 569; see also Matter of Stavisky v Koo, 54 AD3d 432, 434).
"Generally, a designating petition will only be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud" (Matter of Finn v Sherwood, 87 AD3d 1044, 1045; see Matter of McArdle v Weis, 142 AD3d at 569). "[W]here a candidate's own knowledge or activities are at issue, candidates are held to a higher standard under the Election Law than noncandidates. Absent permeation with fraud, a designating petition may be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud, even if there is a sufficient number of nonfraudulent signatures on the remainder of the designating petition" (Matter of Felder v Storobin, 100 AD3d 11, 15-16 [citations omitted]). "However, a single instance of fraud by a candidate does not necessarily require the invalidation of an entire otherwise-sufficient designating petition as a matter of law" (id. at 16).
The petitioner contends that one signature was invalid on the ground of fraud. The hearing testimony regarding this signature, however, did not demonstrate, by clear and convincing evidence, that the entire designating petition was permeated with fraud (see Matter of McArdle v Weis, 142 AD3d at 569; Matter of Powell v Tendy, 131 AD3d 645, 646; Matter of Lavine v Imbroto, 98 AD3d 620, 621; Matter of Perez v Galarza, 21 AD3d 508, 509). Moreover, the petitioner failed to establish that "the single irregularity was a product of 'knowing' or 'intentional' fraud on the part of the witnessing candidate" (Matter of Felder v Storobin, 100 AD3d at 16).
Accordingly, the Supreme Court properly denied the amended petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding.
IANNACCI, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court