Matter of Baldeo v Addabbo
2026 NY Slip Op 03097
May 14, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Albert Baldeo, appellant,
v
Joseph P. Addabbo, Jr., respondent-respondent, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 14, 2026
2026-04374, (Index No. 709115/26)
Betsy Barros, J.P.
Cheryl E. Chambers
Paul Wooten
James P. McCormack
Lisa S. Ottley, JJ.
[*1]
DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Joseph P. Addabbo, Jr., as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 15th Senatorial District, the petitioner appeals from a final order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 30, 2026. The final order, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
Joseph P. Addabbo, Jr., filed a petition with the Board of Elections in the City of New York designating himself as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 15th Senatorial District. The petitioner, Albert Baldeo, commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition on the grounds that Addabbo did not reside at the address in Ozone Park listed on the designating petition but rather resided in Howard Beach. In a final order entered April 30, 2026, the Supreme Court, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding. The petitioner appeals.
Pursuant to Election Law § 1-104(22), a residence is "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return." "[A]n individual having two residences may choose one to which she [or he] has legitimate, significant and continuing attachments as her [or his] residence for purposes of the Election Law" (Matter of Gashi v Branda, 216 AD3d 854, 855 [internal quotation marks omitted]; see Matter of McArdle v Weis, 142 AD3d 567, 568). "The crucial factor in determining whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence, without any aura of sham" (Matter of Gashi v Branda, 216 AD3d at 855 [internal quotation marks omitted]; see Matter of Glickman v Laffin, 27 NY3d 810, 815).
Here, although the petitioner established that Addabbo lived both at a home in Howard Beach and a home in Ozone Park, the evidence demonstrated that Addabbo had legitimate, significant, and continuing attachments to the home in Ozone Park and intended to reside there. The [*2]Supreme Court therefore properly determined that the petitioner failed to prove by clear and convincing evidence that Addabbo did not reside at the address listed as his residence on the designating petition (see Matter of Gashi v Branda, 216 AD3d at 855; Matter of McArdle v Weis, 142 AD3d at 569).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
BARROS, J.P., CHAMBERS, WOOTEN, MCCORMACK and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court