■ In the Matter of THEODORE R. DUSANENKO et al., Appellants, v SANDRA LE FEVER et al., Respondents. — In a proceeding to validate the "nominating certificates" of petitioners as the Right to Life Party candidates in the General Election to be held on November 3, 1981, for public offices in the Towns of Clarkstown and Ramapo, the appeal is from a judgment of the Supreme Court, Rockland County (Wood, J.), dated October 9, 1981, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioners, other than James Trainor, are candidates for public office on their own party lines in addition to seeking the nomination of the Right to Life Party. Petitioner Trainor is an enrolled Conservative and is seeking to be a candidate for Town of Ramapo Supervisor only on the Right to Life Party line. Respondent Halfon is the Chairman of the Town of Ramapo Republican Committee; respondent Reiss is the chairman of the Town of Clarkstown Democratic Party. Specific objections filed by Halfon and Reiss challenging the nomination of petitioners as candidates for their respective offices on the Right to Life Party line were sustained and the nominations ruled invalid by the respondent Board of Elections. The rejections were based on the ground that each nominating certificate was not signed by the presiding officer and secretary of the body making the nomination, as required by section 6-156 of the Election Law, but was instead signed by only one person, Mary J. Tobin, the State Chairman of the Right to Life Party. This proceeding to validate the nominating certificates was then instituted by the filing of a petition. Petitioners Maloney, Sheridan, Kelly and Trainor did not verify the petition; they subsequently attempted to file with the court clerk a piece of paper with their "verifications" contained on it. Prior to a hearing held on October 6, 1981, Special Term denied a motion to verify *nunc pro tunc* the petition as to these four petitioners. Initially, we note that strict adherence to the technical requirements of section 6-156 of the Election Law and its predecessor, subdivision 9 of section 131 of the Election Law, is required *(Matter of Selbst v Askin,* 4 AD2d 926). We agree

with Special Term's determination that the chairman of the Right to Life Party could not validly nominate candidates for town offices. Section 6-108 of the Election Law provides methods by which nominations for such offices shall be made. There is a statutory preference for nominations to be made by a prior election (Election Law, § 6-108, subd 1). Alternative methods are permitted only in counties having a population of less than 750,000. Subdivision 2 of section 6-108 of the Election Law provides that in such counties, party nominations may be made in the manner prescribed by the rules of the county committee. It is conceded that there is no organized Right to Life Party County Committee in Rockland County. Petitioners' contention that, in the absence of such committee, section 8 of article 4 of the Right to Life Party rules shall govern, is not persuasive. Section 8, provides, *inter alia,* that the State chairman shall conduct the affairs of the party and shall, in counties, towns or villages where no committees exist, have the power and authority to nominate candidates for public offices in town or village elections. As stated by Justice Wood, the intention of the Legislature was not that section 6-108 of the Election Law be pre-empted by such a party rule in the absence of a county committee. The rules of a political party which allow a State chairman to nominate candidates for town offices have been expressly given effect in a special election *(Matter of Schiliro v Mazza,* 53 NY2d 735; see Election Law, § 6-114). Certificates of authorization for nonparty candidates may also be signed by any committee authorized by the rules of the party *(Matter of Cooke v Donohue,* 37 NY2d 835; Election Law, § 6-120, subd 3). The matter at bar deals with neither of these situations. It is not true, however, that the statute does not provide for any other method of nomination for town offices if no county committee is in existence. Subdivision 3 of section 6-108 of the Election Law provides that a party caucus may be held for making such nominations. The Right to Life Party did not avail itself of this statutory remedy and cannot now be heard to complain of disenfranchisement. Therefore, the nominating certificates were properly invalidated. Furthermore, Special Term correctly dismissed the petition to invalidate the nominating certificates as to the four petitioners who failed to properly verify the petition, for the following additional reason: Section 16-116 of the Election Law requires that a special proceeding brought under article 16 of the Election Law shall be "heard upon a verified petition" (see *Matter of Goodman v Hayduk,* 45 NY2d 804). Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.