■ In the Matter of CLIFFORD F. BRAXTON, Appellant, v PHILIP D. SMOLINSKI et al., as Commissioners of Elections, Constituting the Board of Elections of the County of Erie, and WILLIAM W. KUSZNIAJ, Respondents. — Order unanimously affirmed, without costs. Memorandum: Petitioner appeals from an order of Special Term dismissing the petition to validate the designating petition of petitioner candidate on the ground that it failed to specify the date of the primary election. The petition was properly dismissed since the date of the primary election is specifically prescribed by subdivision 1 of section 6-132 of the Election Law and strict compliance with the content provisions of the statute is required (*Matter of Hutson v Bass,* 54 NY2d 772, 774; *Matter of Alamo v Black,* 51 NY2d 716). Insofar as our decision in *Matter of Lloyd v Power* (37 AD2d 792) holds otherwise, we note that case was decided before enactment of the present statute. (Appeal from order of Supreme Court, Erie County, Green, J. — Election Law.) Present — Simons, J. P., Hancock, Jr., Denman, Moule and Schnepp, JJ.

■ In the Matter of DANIEL GLOWACKI et al., Appellants, v PHILIP D. SMOLINSKI et al., as Commissioners of Elections, Constituting the Board of Elections of the County of Erie, and TIMOTHY TOOLEY et al., Respondents. — Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Petitioners appeal from an order of Special Term dismissing the petition to validate designating petitions as to petitioners and others similarly situated who had not verified the petition. Although section 16-116 of the Election Law requires that such petitions be verified (*Matter of Goodman v Hayduk,* 64 AD2d 937, affd 45 NY2d 804), there is no requirement that all petitioners united in interest verify the petition (*Matter of Maniscalco v Power,* 4 AD2d 479, affd 3 NY2d 918; CPLR 3020, subd [d]; cf. *Matter of Dusanenko v Le Fever,* 84 AD2d 583). Special Term erred, therefore, when it refused to exercise jurisdiction over the claims of petitioner, Joseph Lo Tempio, and its order is modified to provide that the designating petitions of Joseph Lo Tempio comply with the requirements of section 6-132 of the Election Law. (Appeal from order of Supreme Court, Erie County, Green, J. — Election Law.) Present — Simons, J. P., Hancock, Jr., Denman, Moule and Schnepp, JJ.

## (September 2, 1982)

■ In the Matter of DOLORES M. REED, Appellant, v RICHARD A. ROMEO et al., as Commissioners of Election of the County of Onondaga, Constituting the Board of Elections of the 49th Senate District of the State of New York, Respondents. — Order unanimously affirmed, without costs, for the reasons stated in the opinion at Special Term, Sullivan, J. (Appeal from order of Onondaga Supreme Court, Sullivan, J. — Election Law.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.