■ In the Matter of FRANCES A. CONKLIN, Respondent, v WILLIAM CANARY et al., Respondents, and JOHN P. LOMBARDI et al., Appellants.—In a proceeding to invalidate petitions designating John P. Lombardi and Irene J. Pendzick as candidates in the Conservative Party primary election to be held on September 10, 1985 for the public offices of Town Supervisor and Town Clerk, respectively, of the Town of Riverhead, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 5, 1985, which, after a hearing, granted the application.

Judgment reversed, on the law, without costs or disbursements, application denied, proceeding dismissed, and the Board of Elections is directed to place the names of appellants on the appropriate ballot.

The Election Law does not require that the certificate of acceptance filed by one who is designated for a nonjudicial office by a party of which he is not a duly enrolled member specify the date of the primary election (see, Election Law § 6-146 [1]; cf. Election Law § 6-132 [1]; Matter of Braxton v Smolinski, 89 AD2d 1053, lv denied 57 NY2d 605). Thus, Special Term erred in granting petitioner's application to invalidate the designating petitions of appellants on the ground that their certificates of acceptance omitted that information.

We have considered petitioner's contentions that the designating petitions should be invalidated on the basis of certain

notarial deficiencies and find said contentions to be without merit (*see,* Executive Law § 137; *Carnegie Hill Realties Sec. v Surowitz,* 150 NYS2d 850). Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.