■ In the Matter of ALICE HARRY, Appellant, v JULIUS LIBLICK, Respondent-Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of JULIUS LIBLICK, Respondent, v ALICE HARRY, Appellant, et al., Respondent. (Proceeding No. 2.)—In proceedings to validate and invalidate a petition nominating Alice Harry as a candidate in the election to be held on May 6, 1986, for member of the Community School Board District No. 19, the appeals are (1) from a judgment of the Supreme Court, Kings County (Slavin, J.), dated April 7, 1986, granting the objector's application to invalidate, and (2) from a judgment of the same court, also dated April 7, 1986, dismissing the candidate's application to validate.

Judgments affirmed, without costs or disbursements.

In these proceedings to validate and to invalidate the petition nominating Alice Harry for member of the Community School Board, District No. 19, the Board of Elections of the City of New York initially determined that only 233 out of 392 signatures on the petition were valid. A hearing was then held on the objector's claim that some of the remaining 233 signatures were invalid because of fraud and irregularities in the signing of the petition. At the hearing it was revealed that Alice Harry's petition consisted of 30 sheets. Ten of those sheets were witnessed by a person who testified that the signatures on those sheets were not made in his presence.

We agree with Special Term's finding that, on these facts, the petition should be invalidated because it was permeated with fraud and irregularities *(see, Matter of Proskin v May,* 40 NY2d 829; *Matter of Flower v D'Apice,* 104 AD2d 578; *cf. Matter of Ferraro v McNab,* 60 NY2d 601). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.