(August 24, 1989)

■ In the Matter of ANTHONY M. DEL PELLEGRINO et al., Appellants, v RUDOLPH L. GIULIANI et al., Respondents. (Proceeding No. 1.) In the Matter of EPHRIAM BERNSTEIN et al., Appellants, v RUDOLPH L. GIULIANI et al., Respondents. (Proceeding No. 2.)—In consolidated proceedings to invalidate a petition designating Rudolph L. Giuliani as a candidate in the Republican Party primary election to be held on September 12, 1989, for the public office of Mayor of the City of New York, the appeal is from a judgment of the Supreme Court, Kings County (Greenstein, J.), entered August 23, 1989, which dismissed the proceedings.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners seek to invalidate the petition filed by Rudolph L. Giuliani, designating him as a candidate in the Republican Party primary election to be held on September 12, 1989, for the public office of Mayor of the City of New York. The Giuliani petition contained 42,418 signatures, of which 36,179 were certified as valid by the New York City Board of Elections. Ten thousand signatures are required to

place a name on the ballot in the primary election for Mayor. The petitioners have waived their line-by-line challenge and seek invalidation solely on the basis that the entire petition is permeated by fraud. After a three-day hearing, the Supreme Court found that the petitioners had failed to establish their claim and denied the applications to invalidate the petition. We agree.

It is not contended that the candidate personally participated in any fraudulent practices (cf., Matter of Rodriguez v Izzo, 51 NY2d 747; Matter of Villafane v Caban, 104 AD2d 579). Rather, the petitioners contend that certain local party workers and officials engaged in unauthorized alterations of petition sheets and, in some cases, outright forgeries of signatures. These individuals were almost exclusively local party officials in New York County. The number of signatures directly affected by the allegations of forgery—less than 300—is de minimis. The total number affected by allegations of unauthorized alterations—about 1,000—involved only a relative handful of subscribing witnesses and is insufficient to establish any pattern of fraud, considering the fact that in excess of 42,000 signatures were collected by more than 2,500 subscribing witnesses throughout the City of New York. Moreover, the Counties of Queens, Richmond and The Bronx, as to which there was absolutely no testimony of fraudulent acts, alone accounted for more than 21,000 signatures. Clearly, the petitioners failed to establish, by clear and convincing evidence, widespread fraudulent practices sufficient to invalidate an entire petition for city-wide office (see, Matter of Ferraro v McNab, 60 NY2d 601, 603; Matter of Lundine v Hirschfeld, 122 AD2d 977, 979-980).

Upon oral argument of the appeal, counsel requested that this court decide or remit to the Supreme Court, Kings County, for decision, the issue of the validity of the New York County petition sheets, presumably with respect to candidates for the local party or other positions designated therein. Although the parties apparently stipulated that the Supreme Court, Kings County, consider evidence as to the validity of signatures taken in New York County so as to avoid having to present the same evidence in proceedings pending in both those counties, the determination of the validity of the petitions for New York County positions should be made by the courts in New York County where jurisdiction properly lies. Brown, J. P., Kunzeman, Rubin and Sullivan, JJ., concur.