■ In the Matter of DAVID REAGON, Appellant, v THOMAS J. LEJEUNE, Respondent, et al., Respondents. [763 NYS2d 502] —In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Thomas J. LeJeune as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Democratic Party as its candidate for the public office of Supervisor of the Town of Amenia, the petitioner appeals from a final order of the Supreme Court, Dutchess County (Brands, J.), dated August 5, 2003, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioner contends that the petition designating Thomas J. LeJeune should be invalidated because Thomas J. LeJeune, Jr., not Thomas J. LeJeune, is the registered voter residing at 62 Railroad Avenue. Thomas J. LeJeune, Jr., is the current Supervisor of the Town of Amenia, and is referred to as Thomas J. LeJeune without the appellation "Jr." by Town officials as well as the local media. Although the candidate's father, Thomas J. LeJeune, Sr., used to be a resident of and well-known figure in the Town, there has been no showing of any intention on the part of the candidate to confuse, and no showing that any of the voters were confused as to the candidate's identity (see Matter of Petersen v Board of Elections of City of N.Y., 218 AD2d 776 [1995]). Accordingly, the failure to include "Jr." in the candidate's name presents no basis to invalidate the designating petition.

The petitioner further contends that the designating petition should be invalidated because the certificates of acceptance and authorization required in this case were improper inasmuch as they made reference to the general election but not the primary election. The candidate admits that an error occurred, but contends that it was immaterial and ministerial. In any event, he contends that acceptance and authorization of his candidacy for the primary election was necessarily implied, and amended certificates correcting the error were filed. Affidavits of four Democratic Committee members attesting that they intended Thomas J. LeJeune to be their candidate for the primary and general election were submitted. We agree with the Supreme Court that the error presents no basis to invalidate the designating petition (see Matter of Conklin v Canary, 112 AD2d 1062 [1985], affd 65 NY2d 952 [1985]).

There is no merit to the petitioner's remaining contentions with respect to an allegedly incorrect meeting date listed on the certificate of authorization and the status of the secretary who certified the authorization. Santucci, J.P., Florio, Friedmann, Crane and Mastro, JJ., concur.