(September 19, 2011)

In the Matter of GEOFFREY FINN et al., Appellants, v WILLIAM SHERWOOD et al., Respondents-Respondents, et al., Respondent. [930 NYS2d 20]—

Initially, we note that, under the particular circumstances of this case, the appeal is not academic.

The petitioners contend that the Supreme Court erred in failing to invalidate the challenged designating petition on the ground that it was permeated with fraud. Generally, a designating petition will only be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud (*see Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Robinson v Edwards*, 54 AD3d 682, 683 [2008]; *Matter of Drace v Sayegh*, 43 AD3d 481, 482 [2007]). Even when the designating petition is not permeated with fraud, the designating petition will generally be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud (*see Matter of Harris v Duran*, 76 AD3d at 659; *Matter of Perez v Galarza*, 21 AD3d 508, 509 [2005]; *see Matter of Drace v Sayegh*, 43 AD3d at 482). Here, although there were some irregularities relating to the designating petition, the petitioners failed to meet their burden of demonstrating by clear and convincing evidence that it was permeated with fraud or that the candidates participated in or were chargeable with knowledge of any fraud (*see Matter of Harris v Duran*, 76 AD3d at 659; *Matter of Hennessey v DiCarlo*, 21 AD3d 505, 506 [2005]; *Matter of McRae v Jennings*, 307 AD2d 1012, 1013 [2003]).

The petitioners also failed to meet their burden of establishing that all of the signatures on the designating petition should have been invalidated on the ground that Douglas J. Jobson, the notary public who witnessed the signatures, failed to obtain a statement from each of the signatories attesting to the truth and accuracy of the matter to which they subscribed their names (*see* Election Law § 6-132 [3]). Jobson testified that he introduced himself to each signatory, explained to them what they were signing, and administered to and took an oath from each signatory. Jobson thereby substantially complied with Election Law § 6-132 (3) (*see Matter of Kutner v Nassau County Bd. of Elections*, 65 AD3d 643, 644-645 [2009]; *Matter of Liebler v Friedman*, 54 AD3d 697, 697-698 [2008]). "Since the Supreme Court had the advantage of hearing and seeing the witnesses, the Supreme Court's assessment of [Jobson's] credibility is entitled to substantial deference" (*Matter of Harris v Duran*, 76 AD3d at 659; *see Matter of Drace v Sayegh*, 43 AD3d at 482).

Further, we reject the petitioners' contention that the designating petition should have been invalidated on the ground that candidate William Sherwood failed to file a certificate of acceptance as required by Election Law § 6-146 (1). Sherwood filed a certificate of acceptance containing his complete and correct name, his correct address, the correct political party, and the correct office. The certificate was duly acknowledged by a

notary public. While the certificate made reference to the general election rather than the primary election, such an "error presents no basis to invalidate the designating petition" (*Matter of Reagon v LeJeune*, 307 AD2d 1015, 1015 [2003]; *see Matter of Conklin v Canary*, 112 AD2d 1062 [1985], *affd* 65 NY2d 952 [1985]; *Matter of Helfer v Amos*, 159 Misc 2d 65 [1993]).

The petitioners' remaining contentions are without merit. Therefore, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.