In the Matter of CHARLES D. LAVINE, Respondent, v MICHELLE IMBROTO, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of MICHELLE IMBROTO, Appellant, v CHARLES D. LAVINE, Respondent, et al., Respondents. (Proceeding No. 2.) [949 NYS2d 505]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Charles D. Lavine as a candidate in a primary election to be held on September 13, 2012, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 13th Assembly District, and a related proceeding, inter alia, to invalidate the designating petition, Michelle Imbroto appeals from a final order of the Supreme Court, Nassau County (Winslow, J.), entered August 6, 2012, which, after a hearing, granted the petition to validate the designating petition, denied the petition, inter alia, to invalidate the designating petition, and, in effect, dismissed the proceeding, inter alia, to invalidate the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

Generally, a designating petition will be invalidated on the ground of fraud only "where there is a showing that the entire designating petition is permeated with fraud" (*Matter of Finn v Sherwood*, 87 AD3d 1044, 1045 [2011]; *see Matter of Proskin v May*, 40 NY2d 829, 829-830 [1976]; *Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Robinson v Edwards*, 54 AD3d 682, 683 [2008]; *Matter of Ragusa v Roper*, 286 AD2d 516 [2001]; *Matter of Del Pellegrino v Giuliani*, 153 AD2d 724, 725 [1989]), or "where the candidate has participated in or is chargeable with knowledge of the fraud" (*Matter of Finn v Sherwood*, 87 AD3d at 1045; *see Matter of Harris v Duran*, 76 AD3d at 659).

Here, the appellant contends that four out of approximately

690 signatures were invalid on the ground of fraud. Contrary to the appellant's contention, the hearing testimony regarding these four signatures did not demonstrate by clear and convincing evidence that the entire designating petition was permeated with fraud (*see Matter of Finn v Sherwood*, 87 AD3d at 1045; *see also Matter of Harris v Duran*, 76 AD3d at 659; *Matter of Ferraro v McNab*, 96 AD2d 917 [1983], *affd* 60 NY2d 601 [1983]; *cf. Matter of Proskin v May*, 40 NY2d at 829-830; *Matter of Lerner v Power*, 22 NY2d 767 [1968]; *Matter of Harry v Liblick*, 119 AD2d 845 [1986]). Moreover, the appellant failed to meet her burden of establishing that the candidate participated in or was chargeable with knowledge of any fraud (*see Matter of Finn v Sherwood*, 87 AD3d at 1045; *Matter of Ragusa v Roper*, 286 AD2d at 517; *cf. Matter of Miller v Gumbs*, 207 AD2d 512, 513 [1994]).

Contrary to the appellant's contention, the Supreme Court properly determined that no adverse inference should be drawn against the candidate based on the failure of certain subscribing witnesses to appear at the hearing. The Supreme Court properly quashed the subpoenas with respect to each of those subscribing witnesses on the ground that the subpoenas were improperly served (*see* CPLR 308, 2303 [a]; *cf. Serraro v Staropoli*, 94 AD3d 1083 [2012]).

The appellant's remaining contention is without merit. Dillon, J.P., Florio, Eng and Cohen, JJ., concur.