■ In the Matter of DONALD J. STEINERT et al., Appellants, v VIRGINIA K. DALY et al., Respondents, et al., Respondent. [987 NYS2d 232]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a primary election to be held on June 24, 2014, for the nomination of the Conservative Party as its candidate for the public office of Representative in Congress from the 4th Congressional District, Donald J. Steinert and Bruce A. Blakeman appeal, as limited by their brief, from so much of a final order of the Supreme Court, Nassau County (Driscoll, J.), entered May 22, 2014, as, after a hearing, denied the petition to invalidate the petition for an opportunity to ballot and, in effect, dismissed the proceeding.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

As a general rule, a petition for an opportunity to ballot will be invalidated on the ground of fraud only if there is a showing that the entire petition is permeated with fraud (*see Matter of Haygood v Hardwick*, 110 AD3d 931, 932 [2013]; *Matter of Felder v Storobin*, 100 AD3d 11, 15 [2012]) or, if not permeated

with fraud, where a potential candidate who stands to benefit from the validation of the petition for an opportunity to ballot has participated in or is chargeable with knowledge of the fraud (*see Matter of Felder v Storobin*, 100 AD3d at 15-16; *Matter of Lavine v Imbroto*, 98 AD3d 620 [2012]; *cf. Matter of Ragusa v Roper*, 286 AD2d 516, 517 [2001]).

Here, the petitioners did not sustain their burden of establishing by clear and convincing evidence that the totality of the instances of forged signatures on the subject petition for an opportunity to ballot rose to the level at which it could be said that the petition was permeated with fraud (*see Matter of Volino v Calvi*, 87 AD3d 657, 658 [2011]; *Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Fonvil v Michel*, 308 AD2d 424, 425 [2003]; *Matter of McRae v Jennings*, 307 AD2d 1012 [2003]; *Matter of Del Pellegrino v Giuliani*, 153 AD2d 724 [1989]). Further, the petitioners contend that Frank Scaturro, a potential candidate who stands to benefit from the validation of the petition for an opportunity to ballot, personally participated in the forgery of several signatures or became chargeable with knowledge that several signatures were forged. However, the Supreme Court credited Scaturro's testimony regarding his role in the petition-gathering process, specifically, that he did not participate in the forgery of any signatures or become chargeable with knowledge of any forged signatures or of any fraud in general (*see Matter of McHugh v Comella*, 307 AD2d 1069, 1070 [2003]). Since the Supreme Court had the advantage of hearing and seeing all of the witnesses, that court's assessment of their credibility is entitled to deference (*see Matter of Harris v Duran*, 76 AD3d at 659), and we perceive no reason to disturb its determination in this regard. Accordingly, the Supreme Court properly denied the petition to invalidate the petition for an opportunity to ballot and, in effect, dismissed the proceeding. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.