In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Robert V. Tendy as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidate for the public office of District Attorney for the County of Putnam, the petitioners appeal from a final order of the Supreme Court, Putnam County (Lubell, J.), dated August 3, 2015, which, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
The respondent Robert V. Tendy filed a petition designating him as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidate for the public office of District Attorney for the County of Putnam. Tendy’s petition contained 1,404 signatures. The Putnam County Board of Elections reviewed the petition and found that it contained 1,241 valid signatures. To qualify for the primary, Tendy needed 1,054 valid signatures.
The petitioners then commenced this proceeding, inter alia, to invalidate the designating petition on the ground, among others, that it was permeated with fraud. At a hearing, the petitioners called two witnesses who testified that the signatures that appeared on the page of the designating petition shown to them were not their signatures. Additionally, they called a forensic handwriting expert who testified that 70 signatures on the designating petitions did not match the signatures on the voter registration cards. The Supreme Court, after having considered and discounted the expert testimony, and having compared the signatures on the designating petition to the signatures on the voter registration cards, invalidated 52 signatures. The court, however, found that there was insufficient proof that fraud permeated the designating petition, and determined that it was valid. The petitioners appeal, arguing that the evidence submitted was sufficient to establish that the designating petition was permeated by fraud.
*646 As a general rule, a candidate’s designating petition will be invalidated on the ground of fraud only if there is a showing that the entire petition is permeated with fraud (see Matter of Felder v Storobin, 100 AD3d 11, 15 [2012]), or when the candidate has participated in or is chargeable with knowledge of the fraud (see Matter of Steinert v Daly, 118 AD3d 808, 808-809 [2014]). Here, the petitioners did not meet their burden of establishing by clear and convincing evidence that the entire designating petition was permeated with fraud (see id.; Matter of Lavine v Imbroto, 98 AD3d 620 [2012]; Matter of Harris v Duran, 76 AD3d 658, 659 [2010]; Matter of Robinson v Edwards, 54 AD3d 682 [2008]; Matter of Del Pellegrino v Giuliani, 153 AD2d 724 [1989]; Matter of Acosta v Previte, 51 AD2d 960 [1976], affd 39 NY2d 720 [1976]). Furthermore, the petitioners presented no evidence that Tendy participated in or had knowledge of any fraudulent activities (see Matter of Perez v Galarza, 21 AD3d 508 [2005]). Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
Balkin, J.P., Austin, Roman and Sgroi, JJ., concur.