Matter of Overbaugh v Benoit (2019 NY Slip Op 04261)





Matter of Overbaugh v Benoit


2019 NY Slip Op 04261


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

529041

[*1]In the Matter of MICHAEL J. OVERBAUGH, Appellant,
v
DIANA E. BENOIT, as Candidate for the Office of Greene County Sheriff, Respondent, et al., Respondents.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


James E. Long, Albany (Matthew J. Swedick, Voorheesville, of counsel), for appellant.
A. Joshua Ehrlich, Albany, for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (Schreibman, J.), entered May 1, 2019 in Greene County, which partially dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Diana E. Benoit as the Republican Party candidate for the public office of Greene County Sheriff in the June 25, 2019 primary election.
Respondent Diana E. Benoit filed a designating petition with the Greene County Board of Elections seeking to be nominated as the Republican Party candidate for the public office of Greene County Sheriff in the June 25, 2019 primary election. After filing a written objection with the Board challenging the validity of the designating petition on various grounds, petitioner commenced this proceeding pursuant to Election Law § 16-102, alleging that multiple signatories failed to sign in front of a subscribing witness and seeking to strike those signatures and invalidate the entire petition as permeated with fraud. A hearing was held, at which evidence regarding one such signature was adduced. After its own evaluation of the subject signature, which was witnessed by Benoit's husband (hereinafter the subscribing witness), Supreme Court found that the signature was not genuine and invalidated it. In light of its finding that the subscribing witness was not credible, Supreme Court struck both the subject signature as well as all of the signatures on every petition sheet that was witnessed by the subscribing witness. The [*2]court, however, did not invalidate the entire designating petition [FN1]. Maintaining that the entire designating petition must be invalidated, petitioner appeals.[FN2]
"As a general rule, a candidate's designating petition will be invalidated on the ground that some signatures have been obtained by fraud only if there is a showing that the entire designating petition is permeated with that fraud" (Matter of McHugh v Comella, 307 AD2d 1069, 1069 [2003] [internal quotations marks and citations omitted], lv denied 100 NY2d 509 [2003]; see Matter of Fatata v Phillips, 140 AD3d 1295, 1295 [2016]), or "that the candidate participated in, or can be charged with knowledge of, [the] fraudulent activity" (Matter of VanSavage v Jones, 120 AD3d 887, 888 [2014] [internal quotation marks and citations omitted], lv dismissed 23 NY3d 1045 [2014], lv denied 24 NY3d 901 [2014]; see Matter of Vincent v Sira, 131 AD3d 787, 788 [2015], lv denied 25 NY3d 914 [2015]). The party challenging the designating petition must demonstrate such fraud by clear and convincing evidence (see Matter of Mattice v Hammond, 131 AD3d 790, 790 [2015]; Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [2011]), and, here, petitioner has failed to do so.
Petitioner presented a witness who testified unequivocally that the signature on the petition attributed to her was not her own, noting that her name appears the way it does when her husband signs it. The witness's husband also testified confirming that he had signed both his own name and that of his wife, which they both agreed was a common practice for them throughout their 40-year marriage. The subscribing witness who gathered the foregoing signatures, however, testified, with notable detail, that he recalled both the husband and the wife signing for themselves. William Nicholas, who had accompanied the subscribing witness but did not formally witness any signatures, gave similar, strikingly-specific testimony. Supreme Court credited the testimony of the husband and the wife and, while reticent to find that the subscribing witness and Nicholas had perjured themselves, rejected their version of events and thereby invalidated the subject signature. We perceive no reason not to give deference to those findings (see Matter of Steinert v Daly, 118 AD3d 808, 809 [2014]; Matter of Kraham v Rabbitt, 11 AD3d 808, 809-810 [2004]). However, one fraudulent signature is not clear and convincing evidence that a designating petition is permeated with fraud (see Matter of Powell v Tendy, 131 AD3d 645, 646 [2015]; Matter of Lavine v Imbroto, 98 AD3d 620, 621 [2012]; Matter of Perez v Galarza, 21 AD3d 508, 509 [2005], lv denied 5 NY3d 706 [2005]). Further, there was no evidence that Benoit herself participated in the procurement or submission of any fraudulent signature (compare Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [2018]; Matter of Mattice v Hammond, 131 AD3d at 791; Matter of Valenti v Bugbee, 88 AD3d at 1057-1058), and we reject the speculation invited by petitioner that the marital relationship between the subscribing witness and Benoit, or the romantic relationship between Nicholas and Benoit's campaign manager, renders Benoit chargeable with knowledge of such fraud (compare Matter of Haygood v Hardwick, 110 AD3d 931, 932-933 [2013]; Matter of Saitta v Rivera, 264 AD2d 490, 490-491 [1999]; Matter of Buchanan v Espada, 230 AD2d 676, 676-679 [1996], affd 88 NY2d 973 [1996]). We therefore conclude that Supreme Court properly determined that invalidation of the entire designating petition was not warranted.
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court did not make an ultimate determination as to whether the designating petition contained the requisite number of signatures to keep Benoit on the ballot.

Footnote 2: Benoit's argument that Supreme Court abused its discretion in striking the subject signature and all of the petition sheets witnessed by the subscribing witness is not properly before us. Although aggrieved (see CPLR 5511), Benoit has not filed a notice of cross appeal, and, thus, she is not entitled to the affirmative relief that she seeks (see Matter of Ruck v Greene County Bd. of Elections, 65 AD3d 808, 809 n 2 [2009]).