Matter of King v Ugell (2023 NY Slip Op 02601)

Matter of King v Ugell

2023 NY Slip Op 02601

Decided on May 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04055
 (Index No. 31728/23)

[*1]In the Matter of Emily King, et al., petitioners- respondents, 
v
Scott B. Ugell, et al., appellants, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Scott B. Ugell as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Supervisor of the Town of Clarkstown, Scott B. Ugell and Lawrence A. Garvey separately appeal from a final order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated April 28, 2023. The final order, after a hearing, granted the petition, inter alia, to invalidate the designating petition.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is denied, and the proceeding is dismissed.
The petitioners commenced this proceeding, inter alia, to invalidate a petition designating Scott B. Ugell as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Supervisor of the Town of Clarkstown. After a hearing, the Supreme Court concluded (1) that Ugell was ineligible to be a candidate for the office of Town Supervisor because he currently holds the position of Town Justice, and (2) that the petitioning process was permeated with fraud. Thereafter, the court granted the petition, inter alia, to invalidate the designating petition. Ugell and Lawrence A. Garvey separately appeal.
The petitioners presented no basis to disqualify Ugell under Election Law § 6-122. The fact that Ugell is subject to the Rules Governing Judicial Conduct (22 NYCRR) part 100 as a Town Justice does not disqualify him from running for the office of Town Supervisor (see Matter of Clancy v Sloan, 273 NY 152, 155; Matter of Li v Meehan, 52 AD3d 544, 545).
"The proper evidentiary standard for proving fraud in an Election Law proceeding is clear and convincing evidence" (Matter of McArdle v Weis, 142 AD3d 567, 569). "[A]s a general rule, a petition for an opportunity to ballot will be invalidated on the ground of fraud only if there is a showing that the entire petition is permeated with fraud" (Matter of Steinert v Daly, 118 AD3d 808, 808; see Matter of Powell v Tendy, 131 AD3d 645, 646). "The inclusion of a candidate's name on a designating petition, without his or her consent, may constitute fraud" (Matter of Ariola v Maio, 195 AD3d 888, 889). Here, in light of the conflicting and, in part, incredible testimony, the Supreme Court erred in determining that the petitioners established, by clear and convincing evidence, fraud so as to warrant invalidating the designating petition (see Matter of Bishop v Leahey, 194 AD3d 1250, 1251-1252). Moreover, the petitioners failed to establish, by clear and convincing evidence, [*2]"actual deception of the voters or members of the party involved" (Matter of Mahoney v Moynihan, 40 NY2d 906, 907; see Matter of Farbstein v Suchman, 26 NY2d 564, 567; Matter of McGraw v Power, 307 NY 824, 825).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court