Geraci v Warren (2024 NY Slip Op 50496(U))

[*1]

Geraci v Warren

2024 NY Slip Op 50496(U)

Decided on April 29, 2024

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2024
Supreme Court, Monroe County

Michael F. Geraci, Petitioner,

against
Lovely A. Warren, and MONROE COUNTY BOARD OF ELECTIONS, Respondents.

Index No. E2024006580

Mark F. Pincelli, Esq., and David L. Cook, Esq., PHILLIPS LYTLE LLP, for Petitioners 
Nathan A. Van Loon, Esq., for Respondent Lovely A. Warren
John P. Bringewatt, Esq., Monroe County Attorney, Robert J. Shoemaker, Esq., for Respondent Monroe County Board of Elections

Daniel J. Doyle, J.

In this proceeding Petitioner Michael F. Geraci, a Democratic Party candidate for the office of Rochester City Court Judge seeks to invalidate the nominating petitions of Respondent Lovely A. Warren (hereinafter "Warren") as a Democratic Party candidate for the office of Rochester City Court Judge.
For the reasons that follow, the Petition is DENIED. Respondent Monroe County Board of Elections is ordered to remove Warren's name from the primary ballot for the position of Member of Democratic County Committee Rochester, Legislative District 27, Election District 003.
Findings of Fact [FN1]
Sometime in early February of 2024, prior to the start of the "petitioning process" where the political parties circulate designating petitions for political and party offices, Warren — who had been a member of the democratic party committee in the 28th Legislative District (hereinafter "LD") — informed LaShana Boose, the leader of LD 28, not to place her on any designating petitions for Member of the Democratic Party Committee, as she wanted to "keep her options open". In accordance with Warren's wishes, Ms. Boose did not place Warren on any designating petitions.
Unbeknownst to Warren, and without her consent, LaShay Harris - the leader of LD 27 — placed Warren's name on designating petitions for the position of Member of the Democratic Party Committee in the 27th LD, election district 3. Ms. Harris testified that it was her practice, and common practice in the Democratic Party, for leaders in legislative districts to place names of individuals active in the party on designating petitions for party offices without informing those persons or seeking their consent. As a result, designating petitions listing Warren as a candidate for that position were circulated.
Prior to the start of the period for circulating designating petitions, Warren decided to seek the public office of Rochester City Court Judge. She circulated petitions for that office.
On March 3, 3024 Warren and Willie Lightfoot (hereinafter "Lightfoot"), a friend she had known for a number of years, circulated petitions in the area of Devon Road and Winbourne Street in the City of Rochester. Warren carried her own designating petitions for the office of Rochester City Court Judge. Lightfoot carried other petitions, including the designating petition for the position of Member of the Democratic Party Committee in the 27th LD, election district 3. Warren was not aware that Lightfoot was "passing" these petitions and did not ask him what designating petitions he was "passing".
One of the signatures Lightfoot obtained on the designating petition for Member of the Democratic Party Committee in the 27th LD, election district 3 was that of Nathaniel Williamson, Warren's brother who lived with her at her home. Warren denied knowing that [*2]Williamson signed this petition.
A designating petition for Warren nominating her as the Democratic Party candidate for the office of Rochester City Court Judge was filed with the Monroe County Board of Elections. Additionally, a designating petition for Warren nominating her as the Democratic Party candidate for the office of Member of Democratic County Committee Rochester/027/003 was filed with the Monroe County Board of Elections.
After the designating petitions were filed (between April 1 and April 4, 2024) Respondent Monroe County Board of Elections sent confirmation letters to nominated candidates. Warren received a letter on April 1, 2024, informing her that she was a designated candidate for the Democratic Party for the office of Rochester City Court Judge and informing her that should she wish to decline the nomination she must do so by April 8, 2024, the statutory deadline for declinations.
On or about April 11, 2024, Warren received a second letter from Respondent Monroe County Board of Elections. In this letter, Warren was informed that "[a] petition designating you as a candidate for the office of Member of Democratic County Committee Rochester/027/003 was filed in this office and will require a primary election to be held on June 28, 2022". (Emphasis supplied.) Warren, seeing that the primary date was for the election held in 2022 determined the letter was sent in error. Lisa Polito Nicolay, Republican Commissioner at the Monroe County Board of Elections, confirmed that this letter contained a significant error in that the date of the primary election was incorrect.
On or about April 15, 2024, Respondent Monroe County Board of Election sent Warren a third letter. Respondent Warren received the letter on or about April 17, 2024. This letter stated: ""[a] petition designating you as a candidate for the office of Member of Democratic County Committee Rochester/027/003 was filed in this office and will require a primary election to be held on June 25, 2024. (Note: the previous notice sent had the incorrect date of the June Primary listed)." (Emphasis in original.)
Upon receipt of this letter and having learned on the instant proceeding wherein petitioner sought to invalidate her nomination for the Rochester City Court Judge, Warren filed a certificate of declination for the position of Member of Democratic County Committee Rochester/027/003. The declination was filed with the Monroe County Board of Elections on April 19, 2024. As this declination was received by Respondent Board of Elections after April 8, 2024, it was not given effect.
Petitioner initiated this proceeding on April 17, 2024. Respondent Monroe County Board of Elections takes no position on the merits.
Conclusions of Law
Petitioner seeks to invalidate Warren's designating petitions for both offices arguing that Warren's nomination for two public offices that are incompatible — judicial office and a party office - mandates invalidation. Petitioner also argues that as Warren failed to timely file a declination of the party office position, this requires invalidation of her designating petition for the office of Rochester City Court Judge.
The Court rejects both arguments.
The office of Rochester City Court Judge and the party office position of Member of the Democratic County Committee are incompatible. A person cannot hold both offices at the same time. "It is well settled that one may not simultaneously run for two public offices where one would be precluded from holding both offices at the same time (see, Matter of Burns v Wiltse, [*3]303 NY 319; Matter of Lindgren, 232 NY 59; Matter of Lufty v Gangemi, 35 NY2d 179). Such a prohibition allows electors to "'know that, when the choice is made and legally declared, the object for which the election was held has been accomplished, and that there is no legal obstruction in the way to prevent their will ... from becoming effective'" (Matter of Burns v Wiltse, supra, at 325; Matter of Lindgren, supra). An election involving the situation presented here, "would be illusory and sham if not an actual fraud upon the electorate and should not be permitted" (Matter of Burns v Wiltse, supra, at 326)." (Lawrence v. Spelman, 264 AD2d 455, 456 [2nd Dept. 1999].) Invalidation of both nominations are required, even if the candidate seeks to decline one of the positions. (Id.)
However, there is an exception to this rule. If a candidate can establish that the nominating petitions naming the candidate for two incompatible offices were not procured out of a desire to commit fraud on the public, invalidation is not required. (See Phillips v. Suffolk Cnty. Bd. of Elections, 21 AD3d 509 [2nd Dept. 2005]. See also Lutfy v. Gangemi, 35 NY2d 179 [1974].)
Here, the petitioner failed to meet his burden by "clear and convincing evidence" that Warren committed a fraud on the voting public. ("The proper evidentiary standard for proving fraud in an Election Law proceeding is clear and convincing evidence" (Matter of McArdle v Weis, 142 AD3d 567, 569 [2016])." King v. Ugell, 216 AD3d 862, 863 [2nd Dept. 2023].) Warren established that she was unaware that she was on the designating petitions for the party position of Member of the Democratic County Committee. Ms. Harris testified that she placed Warren's name on the designating petition without informing Warren or seeking her consent. Warren testified that she was unaware she was on those petitions until she received the letter from the Respondent Monroe County Board of Elections on or about April 17th, and when she became aware of the instant proceeding.
The Court credits Warren's testimony that she affirmatively told Ms. Boose that she could not be a Member of the Democratic County Committee in the 28th LD as she was going to run for the office of Rochester City Court Judge. This compels the inference that Warren was aware that she could not seek the nomination for both offices and that she took no efforts to be nominated for the party position in the 28th. Coupled with Ms. Harris' testimony, the Court must conclude that Warren was not aware she was designated as a candidate for the party position in the 27th LD, and she did not give her consent to be nominated.
Although Warren did not file the declination for the party position until April 19, 2024, eleven (11) days after the statutorily set deadline of April 8th, this Court determines that her initial nomination for that party position was a nullity, and no declination was required.
Nominations of candidates without their consent requires invalidation of the nominating petition. "The inclusion of a candidate's name on a designating petition, without his or her consent, may constitute fraud" (Matter of Ariola v Maio, 195 AD3d 888, 889 [2021])." (King v. Ugell, 216 AD3d 862, 863[2nd Dept. 2023]. See also Ruck v. Greene Cnty. Bd. of Elections, 65 AD3d 808, 810 [3rd Dept. 2009]; Parilla v. Kremar, 64 AD2d 942 [2nd Dept. 1978].) Here, the evidence clearly established that Warren was not aware she was being nominated for the party position and her name was placed on the designating petitions without her consent.
"Furthermore, the nonconsenting candidates who do not wish to serve should not be burdened with the obligation of submitting a declination once they learn of their candidacies." (Richardson v. Luizzo, 64 AD2d 942, 943 [2nd Dept. 1978]; see also Druckman v. McNab, 232 [*4]NYS2d 787, 789 [Sup. Ct. 1962].)[FN2]
Here, allowing Warren's name to remain on the primary ballot for the position of Member of the Democratic County Committee would constitute a fraud on the voting public, which this Court cannot condone. Although there was no cross-petition filed by Warren seeking to enforce the declination she filed, she did request that this Court "invalidate the Committeeperson candidacy", and this Court has inherent authority to grant that relief. (Fried v. Jacob Holding, Inc., 110 AD3d 56 [2nd Dept. 2013].)[FN3]

Based upon the forgoing, and the submissions of the parties [FN4]
, and the fact-finding hearing conducted on April 25, 2024, it is hereby
ORDERED that the Petition is DENIED and dismissed; and it is further
ORDERED that the Respondent Monroe County Board of Elections shall remove Warren's name from the primary ballot for the position of Member of Democratic County Committee Rochester, Legislative District 27, Election District 003.
Dated: April 29, 2024
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:The Court
conducted a fact-finding hearing on April 25, 2024. At the hearing, the Court heard testimony from Respondent Lovely A. Warren, Lisa Polito Nicolay (Republican Commissioner at the Monroe County Board of Elections), LaShana Boose (leader of Monroe County Democratic Party Legislative District 28); and LaShay Harris (leader of Monroe County Democratic Party Legislative District 27). The Court, having observed the manner in which the witnesses testified, their opportunity and ability to observe the facts about which they testified, and their demeanor while testifying, finds each witness to be credible. The Court also accepted into evidence Petitioner's Exhibits 1A, 1B, and 1C (designating petitions for Lovely A. Warren for the public office of Rochester City Court Judge dated March 3, 2024); 2A, 2B, and 2C (Democratic Party designating petitions for the party position of Member of the Democratic Committee, City LD 27, ED 003 dated March 3, 2024); Respondent's Exhibit A (letter from the Monroe County Board of Elections dated April 1, 2024 to Respondent Warren); Exhibit B (letter from the Monroe County Board of Elections dated April 11, 2024 to Respondent Warren); Exhibit C (letter from the Monroe County Board of Elections dated April 15, 2024 to Respondent Warren); Exhibit D (Respondent Warren's declination for the party position of Member of the Democratic Committee, notarized on April 18, 2024); Exhibit E1 (Respondent Monroe County Board of Elections Report for Designating Petitions Filed by Party and Office Name for the 2024 June Primary Election); E2 (Respondent Monroe County Board of Elections Report for Designating Petitions Filed by Party and Office Name for the 2024 June Primary Election); Exhibit F (New York State Board of Elections 2024 Political Calendar).

Footnote 2:The requirement that a candidate consent to their placement on designating petitions is not explicitly required by the Election Law when the nominee is a member of the party that is nominating the candidate. However, the consent of the candidate is necessary for the designating petition to be valid. (Matter of Ariola v Maio, supra; King v. Ugell, supra; Ruck v. Greene Cnty. Bd. of Elections, supra; Parilla v. Kremar, supra.) Other sections of the Election Law require candidates to file acceptances upon being nominated. (See e.g. Election Law § 6-146.)

Footnote 3:The Court is mindful of the fact that the Election Law does not appear to require the Respondent Board of Elections to notify persons designated for party office positions, as opposed to public office positions (See Election Law § 6-164[3]). Ms. Polito Nicolay, the Republican Commissioner at Respondent Monroe County Board of Elections, testified that the Board was not legally required to send the April 11 and 15 letters. Although the Court does not find any evidence that this occurred herein, the obvious concern is that because there is no requirement that the Board notify persons who are nominated for party positions (or in this case the notification arrives well after the deadline for declination passed) the process is capable of being manipulated by persons who seek to disqualify a candidate running for public office by placing their names on party office petitions. Or, alternatively, what occurred here may happen in the future, where a person running for public office is placed -without their knowledge or consent- on petitions for party office potentially creating a circumstance where the candidate is unknowingly running for incompatible offices. Although the Court is mindful of caselaw that states failure to file a declination within the statutorily proscribed deadline is a "fatal defect" (see Ward v. Mohr, 109 AD3d 694 [4th Dept. 2013), the application of that caselaw to these facts is inapplicable. As noted above, the failure to obtain a candidate's consent to be nominated for a public office position renders the initial nomination a nullity, not requiring a declination. A contrary holding would allow the potential for fraud to be committed against the voting public. 

Footnote 4:Petition (NYSCEF Docket # 1); Answer in Special Proceeding with exhibits (NYSCEF Dockets # 9-17); Answer in Special Proceeding (NYSCEF Docket # 18); Affirmation in Support with exhibits (NYSCEF Docket #s 22-25); Memorandum of Law in Support (NYSCEF Docket # 26); Letter to Court (NYSCEF Docket # 27); Post-Trial Memorandum (NYSCEF Docket # 28).